William **JONES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–89–00965–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 9, 1990.

Larry P. Urquhart, Brenham, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., J. Harvey Hudson, Robert Kepple, Asst. Harris County Dist. Atty., for appellee.

Before EVANS, C.J., and O'CONNOR and DUNN, JJ.

### ORDER

O'CONNOR, Justice.

This is an appeal from a conviction for delivery of a simulated controlled substance.[1] A jury found appellant guilty, found two enhancement paragraphs true,

---

1. TEX.HEALTH & SAFETY CODE ANN. § 482.002 (Vernon Pamph.1990).

and assessed punishment of 35 years confinement.

Appellant delivered a substance resembling a "rock" of cocaine to an undercover police officer. Other officers arrested appellant immediately after the delivery, and found more rocks in a coin purse in appellant's car. The rocks were sent to the police department's lab. The rock delivered to the undercover officer (State's exhibit 11) tested negative, and contained no controlled substance. The rocks in the coin purse (State's exhibit 7) tested positive for cocaine.

In two points of error, appellant challenges the trial court's ruling on his objection to the jury panel. After voir dire, but before the jury was sworn, appellant claimed the State used its peremptory challenges to strike members of appellant's race, citing *Batson v. Kentucky*, 476 U.S. 79, 96, 106 S.Ct. 1712, 1722, 90 L.Ed.2d 69 (1986). The limited issue on appeal is whether appellant made a prima face showing meeting the requirements of *Batson*. If he did, the trial court erred in refusing to insist the State explain its challenges, and appellant was denied equal protection under the United States Constitution.

The equal protection clause forbids a prosecutor from challenging potential jurors solely on account of their race. *Batson*, 476 U.S. at 89, 106 S.Ct. at 1719. To challenge possible discriminatory selection of a venire, a defendant must make a prima facie showing that: (1) he is a member of a cognizable racial group; (2) the prosecutor has exercised peremptory challenges to remove members of the defendant's race from the venire; and (3) these facts, and any other relevant circumstances, raise an inference the prosecutor excluded the venirepersons from the panel because of their race. *Batson*, 476 U.S. at 96, 106 S.Ct. at 1722; *Henry v. State*, 729 S.W.2d 732, 734 (Tex.Crim.App.1987).

Once the defendant makes this prima facie showing, the burden shifts to the prosecution to give racially neutral explanations for striking the venirepersons. *Tompkins v. State*, 774 S.W.2d 195, 200 (Tex.Crim.App.1987); *York v. State*, 764 S.W.2d 328 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd). The defendant may then offer evidence showing the explanations are merely pretextual. *Keeton v. State*, 749 S.W.2d 861, 868 (Tex.Crim.App.1988) (quoting *Ex parte Branch*, 526 So.2d 609, 622–623 (Ala.1987)); *York*, 764 S.W.2d at 328.

Appellant contends he made a prima facie showing of discrimination. The State, however, urges that appellant did not meet the requirements of a prima facie case; thus, the burden never shifted to the State to give racially neutral explanations for its actions. The State contends appellant did not introduce evidence, and the mere allegations of defense counsel, that the State struck blacks, was not enough to make a prima facie case.

When defense counsel objected to the jury panel, he said:

Your Honor, the defendant, through his attorney, now makes a motion that the State be required to explain why all the black jurors were excluded from the panel from the remaining black jurors on the array ...

Prosecutor: Just so the record's clear, is the Court making a finding that there's [a] prima facie finding at this time? Do you require explanations at this time? The court: You're going to have to give me more ... than what I've got on the record right now.

. . . .

Defense counsel: Your Honor, *there were four jurors, four black jurors remaining on the 38 that were being selected from after ... the jurors were excused for cause. None of the four members were included on the panel.* It's the defendant's position the State systematically struck those black jurors for the sole reason they were black.

The court: Do you wish to respond?

Prosecutor: No, Your Honor. Not at this time.

The court: Anything further?

Defense counsel: Your Honor, I believe I'm entitled under the *Batson* case to have the State explain why they struck the black jurors ...

The court: Anything else?

Defense counsel: No.

The court: Denied.

(Emphasis added.)

Appellant argues the State struck four black venirepersons because they are black. Appellant's counsel said, on the record, that appellant is black, and neither the trial court nor the State corrected or contradicted him. Appellant's counsel also said the State struck four black venirepersons, who are also black. Neither the court nor the State corrected or contradicted him.

In *Allen v. State*, 751 S.W.2d 931, 933 (Tex.App.—Houston [1st Dist.] 1988, no pet.), this Court assumed, without deciding, that appellant had made a prima facie case because the trial court required the State to produce neutral reasons for the use of its peremptory strikes. We did not say *how* appellant established his prima facie case.

The Texas Court of Criminal Appeals has not specifically addressed the question whether a defendant must prove his race and the race of the struck members of the venire by actual evidence. In *Keeton*, the Court of Criminal Appeals adopted the language from the Alabama Supreme Court in *Branch*, 526 So.2d at 622, which said the court must consider "all relevant circumstances." *Keeton*, 749 S.W.2d at 867. We hold that all relevant circumstances include those things apparent to the trial court during the course of the voir dire. When appellant stated, without correction or contradiction, that he is black and the State struck four black members of the venire, we hold appellant established a prima facie showing of discrimination.

Once the burden shifted, it was necessary for the court to conduct a *Batson* hearing and require the State to explain its actions. We abate this appeal, with directions to the trial court to conduct a *Batson* hearing. After the hearing, the trial court shall make appropriate findings and recommendations, and prepare a record of the proceedings. The record so made, including any orders and findings of the trial court, shall be filed with this Court no later than 60 days from the date of this order.