**Brenda POWERS, Petitioner,**

v.

**Paul PALACIOS, Respondent.**

No. D–0371.

Supreme Court of Texas.

June 12, 1991.

Rehearing Overruled Sept. 11, 1991.

Andrew J. Lehrman, Bradford M. Condit, Corpus Christi, for petitioner.

William R. Kendall, L. Nelson Hall, Kathryn F. Green, Corpus Christi, for respondent.

## PER CURIAM.

We consider whether a private litigant in a civil case may use a peremptory challenge to exclude a juror on account of race. Based on *Edmonson v. Leesville Concrete Co., Inc.,* — U.S. —, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991), we hold that such an exclusion violates the equal protection rights of the challenged juror. We reverse and remand for a new trial.

Brenda Powers brought suit against Paul Palacios for injuries she suffered in a pit bull attack. At voir dire, after counsel for Palacios exercised his peremptory challenges, Powers sought to pose questions to opposing counsel to establish a racially discriminatory use of a peremptory strike. The trial court overruled both this request and a related attempt to make a bill of exception. Upon inquiry from the trial court, however, counsel for Palacios did concede that race was a factor in his determination to exercise the peremptory challenge.[1] At the end of the trial, the jury returned a verdict against Powers and the trial judge rendered a take-nothing judgment against her.

On appeal, Powers asserted a constitutional violation arising from the use of a peremptory strike against a venireperson based on race. Relying on *Edmonson v. Leesville Concrete Co., Inc.,* 895 F.2d 218, 219 (5th Cir.1990) (en banc), the court of appeals held that, because no state action is present in a civil case between private litigants, no constitutional violation occurred. 794 S.W.2d 493 at 495.

Subsequent to the appellate court's opinion, the United States Supreme Court reversed the Fifth Circuit's decision, determining state action is present in the exercise by a private litigant of peremptory challenges pursuant to statute or decisional law and the enforcement of those strikes

---

1. The following exchange took place before the trial court when Mr. Lehrman, Powers's counsel, was attempting to make a bill of exception:

[Mr. Lehrman] Okay. Can I put briefly on the stand Mr. Hall [Palacios's attorney]? This is a challenge based on race, Your Honor. We believe that this juror was struck—

[The Court] Excuse me. You got any authority for that?

[Mr. Lehrman] No, I have authority for a criminal matter. I don't have authority for a civil matter.

[The Court] That—that request will be overruled.

[Mr. Lehrman] Okay, Well, can I make a bill of exception, Your Honor?

[The Court] No, sir, unless you have some authority.

\*    \*    \*    \*    \*    \*

[Mr. Lehrman] ... There was one juror on this panel that was black. Ms. Powers is black, and I just feel that that juror was struck; it might have been for the race. And

I think for purposes of just having it in the record, that's all. It's a simple matter. It will take me two seconds to announce that on the bill of exception.

[The Court] And that is overruled.

[Mr. Lehrman] Okay. Just for the record, I ... would ... just simply state that the purpose of the bill of exception was to ask Counsel whether or not as a motive or as a decision in striking No. 25, which I've asked the Court to take judicial knowledge of, Marsha Hardeman, who appeared to me to be a black potential juror, whether or not that in any way was motivated by the race of Ms. Hardeman, due to the fact that—

[The Court] The Court will ask Mr. Hall. Were you motivated by race to strike her?

[Mr. Hall] Well—

[The Court] I don't know how you're going to answer that.

[Mr. Hall] All I can stay [sic] is not improperly, but it certainly figured into it, but it was not the sole reason for striking her, no.

[The Court] Gentlemen, it's still overruled.

by the court in the empaneling of the jury. Emphasizing that "[r]acial discrimination has no place in the courtroom, whether the proceeding is civil or criminal," the Court held that "courts must entertain a challenge to a private litigant's racially discriminatory use of peremptory challenges in a civil trial." *Edmonson,* —— U.S. at ——, 111 S.Ct. at 2088 (1991). The Supreme Court thus extended its previous opinions discussing the unconstitutional use of peremptory challenges in criminal actions to civil litigation. *See Powers v. Ohio,* —— U.S. ——, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991); *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

Here, Powers established that opposing counsel had exercised a peremptory challenge discriminatorily.[2] Such "automatic invocation of race stereotypes retards [our] progress [as a multiracial democracy] and causes continued hurt and injury." *Edmonson,* —— U.S. at ——, 111 S.Ct. at 2088. We hold that equal protection is denied when race is a factor in counsel's exercise of a peremptory challenge to a prospective juror.

Pursuant to Tex.R.App.P. 170, we grant Powers's application for writ of error, and without hearing oral argument a majority of the Court reverses the judgment of the court of appeals and remands the case for a new trial.

---

**2.** This peremptory challenge in civil litigation was exercised pursuant to Texas Rules of Civil

Procedure 232 and 233.