**Sheddrick Jarrod MOORE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–89–01120–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 16, 1991.

Rehearing Overruled June 6, 1991.

Discretionary Review Refused
Sept. 25, 1991.

Peter Lewis, Houston, for appellant.

John B. Holmes, Harris County Dist. Atty., Alan Curry, Di Glaser, Asst. Harris Co. Dist. Attys., for appellee.

Before DUNN, BASS and HUGHES, JJ.

## OPINION

DUNN, Justice.

A jury found appellant, Sheddrick Jarrod Moore, guilty of possession of a controlled substance, namely cocaine, and assessed punishment, enhanced by one prior felony conviction, at 30 years confinement.

In his third point of error, appellant contends that the trial court erred in failing to quash the jury panel. Specifically, appellant contends that the prosecutor systematically used her peremptory challenges to strike all black venirepersons from the jury panel.

A prosecutor is prohibited by the fourteenth amendment from striking potential jurors solely on the basis of their race. *Batson v. Kentucky*, 476 U.S. 79, 89, 106 S.Ct. 1712, 1718–19, 90 L.Ed.2d 69 (1986). A defendant can make out a prima facie case that the prosecutor's use of her peremptory strikes was racially motivated. *Id.* at 96, 106 S.Ct. at 1722–23. To establish a prima facie case: 1) the defendant must show that he is a member of cognizable racial group and that the prosecutor exercised her peremptory challenges to remove members of the defendant's race from the venire; 2) the defendant is entitled to rely on the undisputed fact that peremptory challenges constitute a jury selection practice that permits " 'those to discriminate who are of a mind to discriminate' "; and 3) the defendant must show the facts and any other relevant circumstances raise an inference that the prosecutor used peremptory challenges to exclude

venirepersons from the jury on account of their race. *Id.*

■ After the prosecutor exercised her peremptory challenges, the trial court took judicial notice that appellant was black and that no member of the jury was black. Appellant then objected to the prosecutor's use of peremptory challenges to eliminate every black venireperson. The trial court took judicial notice that venirepersons three, seven, and 30 were the only black members of the venire who were not struck for cause. Appellant moved to quash the entire jury panel under the U.S. CONST. amends. VI and XIV and *Batson*. The trial court then found that appellant had made a prima facie case that the prosecutor's use of her peremptory challenges was discriminatory and held a *Batson* hearing. We find the trial court's finding was supported by the record. *See Jones v. State*, 795 S.W.2d 32, 34 (Tex.App.—Houston [1st Dist.] 1990, no pet.) (when appellant stated, without correction or contradiction, that appellant was black and the prosecutor used peremptory challenges to eliminate four black venirepersons, appellant established a prima facie case of discrimination in the use of peremptory strikes); *Allen v. State*, 751 S.W.2d 981, 934 (Tex.App.—Houston [1st Dist.] 1988, no pet.) (trial court did not err in finding appellant made prima facie case where appellant established he was black, and prosecutor used peremptory strikes to eliminate four of six black venirepersons).

■ After the defendant demonstrates a prima facie case, the burden shifts to the prosecutor to show racially neutral reasons for the exercise of her strikes. *Batson*, 476 U.S. at 97, 106 S.Ct. at 1723. The prosecutor's explanations for the use of her strikes need not rise to the level of justifying a challenge for cause, but the prosecutor must articulate a racially neutral explanation related to the particular case. *Id.* at 97–98, 106 S.Ct. at 1723–24.

In the present case, the trial court found that the prosecutor offered racially neutral reasons for the exercise of her peremptory challenges and denied appellant's motion to quash the jury panel.

■ An appellate court reviews the record with "great deference" to the trial court to determine whether the trial court's ruling on a *Batson* issue was "clearly erroneous." *Whitsey v. State*, 796 S.W.2d 707, 726 (Tex.Crim.App.1989) (op. on reh'g). An appellate court should not substitute its judgment on witnesses' credibility and the weight of the evidence for the judgment of the trial court. *Tompkins v. State*, 774 S.W.2d 195, 202 (Tex.Crim.App.1989), *aff'd*, 490 U.S. 754, 109 S.Ct. 2180, 104 L.Ed.2d 834 (1989).

■ The prosecutor indicated that she struck venireperson seven because, when appellant's counsel asked the venire if anyone was racially biased, venireperson seven laughed, began to raise her hand, and moved to get up. The prosecutor felt that venireperson seven's response indicated she was either racially biased or she thought it was a funny question. Furthermore, she appeared hesitant when answering the prosecutor's questions.

The prosecutor's explanation for striking venireperson seven was racially neutral. *See Hawkins v. State*, 793 S.W.2d 291, 294–95 (Tex.App.—Dallas 199, pet. ref'd) (trial judge's ruling that prosecutor's use of peremptory challenge was racially neutral was not error when prosecutor stated that venireperson made physical gestures that indicated to prosecutor she was not happy with either prosecutor or law); *Levy v. State*, 749 S.W.2d 176, 178 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd) (explanation for use of peremptory strikes that includes concern over facial expressions was racially neutral).

■ The prosecutor claimed she struck venireperson 30 because he was unresponsive and seemed bored and inattentive.

A venireperson's inattentiveness is a racially neutral reason for exercising a peremptory challenge. *Daniels v. State*, 768 S.W.2d 314, 317 (Tex.App.—Tyler 1988, pet. ref'd). The trial court was not clearly erroneous in finding that the prosecutor's explanation for striking venireperson 30 was racially neutral.

■ The prosecutor stated that she struck venireperson three because she indicated she would have a problem assessing punishment. During voir dire, the prosecutor asked venireperson three if she could consider the full range of punishment; venireperson three indicated she would be hesitant to impose a sentence of life, but would do it if she felt it was deserved. In addition, the prosecutor stated that she struck venireperson three because she indicated she was a member of a minority club, which the State felt might bias her in favor of appellant. Venireperson three stated that she was a member of a minority club, but she would not favor appellant just because he was a minority.

■ One of the reasons given by the prosecutor for striking venireperson three was not racially neutral. The prosecutor indicated that she struck venireperson three, at least in part, because she was a member of a minority club, and consequently, the prosecutor thought she would be biased in favor of appellant. During voir dire, the prosecutor, when questioning venireperson three about her affiliation with the minority club, specifically asked venireperson three if as a minority, she would always favor the defendant. The prosecutor's explanation of the peremptory challenge was not racially neutral. *See Somerville v. State*, 792 S.W.2d 265, 268–69 (Tex.App.—Dallas 1990, pet. ref'd) (explanation that venireperson was struck because he was a member of NAACP was an indication of racial motivation in the use of peremptory strikes); *cf. Batson*, 476 U.S. at 97, 106 S.Ct. at 1723 (prosecutor cannot rebut presumption of racial discrimination by stating that he or she exercised strikes because he or she felt venireperson would be partial to defendant because they were of the same race). Even though the prosecutor may have given one racially neutral explanation, the racially motivated explanation "vitiates the legitimacy of the entire [jury selection] procedure." *Speaker v. State*, 740 S.W.2d 486, 489 (Tex.App.—Houston [1st Dist.] 1987, no pet.); *see also McKinney v. State*, 761 S.W.2d 549, 551 (Tex.App.—Corpus Christi 1988, no pet.) (quoting *Speaker*, 740 S.W.2d at 489).

■ The prosecutor offered racially neutral explanations for her use of peremptory strikes against venirepersons seven and 30. However, she failed to offer a racially neutral explanation for her use of a peremptory strike against venireperson three. If the exercise of even one peremptory challenge was racially motivated, the entire jury selection process is invalidated, and appellant is entitled to a new trial. *Keeton v. State*, 724 S.W.2d 58, 66 n. 5 (Tex.Crim. App.1987); *Somerville*, 792 S.W.2d at 267 n. 4. The trial court's finding that the prosecutor offered racially neutral explanations for her use of peremptory strikes was clearly erroneous. The trial court erred in failing to quash the jury panel. We sustain appellant's third point of error.

The discussion of appellant's remaining points of error does not meet the criteria for publication, TEX.R.APP.P. 90, and is, thus, ordered not published.

We reverse the judgment of the trial court and remand the cause for proceedings consistent with this opinion.

HUGHES, Justice, dissenting in part and concurring in part.

I respectfully dissent from the majority's disposition of appellant's third point of error.

The majority opinion sustains appellant's third point of error because it finds that the State failed to offer racially neutral reasons for peremptorily striking venireperson three. I disagree. I would find that the trial court's finding that the State offered racially neutral explanations was not "clearly erroneous."

The prosecutor stated that she struck venireperson three because she indicated she would have a problem assessing punishment. During voir dire, the prosecutor asked venireperson three if she could consider the full range of punishment; venireperson three indicated she would be hesitant to impose a sentence of life, but would do it if she felt it was deserved. Reluctance to consider the full range of punishment is a racially neutral explanation for

the exercise of a peremptory strike. *Cf.* TEX.CODE CRIM.P.ANN. art. 35.16(b)(3) (Vernon 1989) (State may challenge a venireperson for cause if he or she has a bias or prejudice against any phase of the law upon which the State is entitled to rely for punishment).

In addition, the prosecutor stated that she struck venireperson three because she indicated she was a member of a club, which the State felt might bias her in favor of appellant. During voir dire, the prosecutor asked if anyone belonged to any clubs. Five venirepersons, including venireperson three, indicated they belonged to clubs. Two of the venirepersons were struck for cause; the State exercised peremtory strikes on the remaining three venirepersons, including venireperson three, who belonged to clubs. The trial court was not clearly erroneous in finding that club membership was a racially neutral reason for the exercise of peremptory strikes. *Cf. Munson v. State,* 774 S.W.2d 778, 780 (Tex. App.—El Paso 1989, no pet.) (trial court's finding that prosecutor's explanation was racially neutral was supported by the record when prosecutor stated he struck venireperson because he was a truck driver); *York v. State,* 764 S.W.2d 328, 330–31 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd) (prosecutor's hunch that social workers were not the kind of jurors he wanted was racially neutral).

I would overrule appellant's third point of error.

I concur with the majority's disposition of appellant's other points of error.

I would affirm the judgment of the trial court.