**Edwin Ray McGEE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–90–00463–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 10, 1991.

Rehearing Denied Nov. 7, 1991.

Allen Isbell, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Mary Lou Keel and Chuck Noll, Asst. Dist. Attys., for appellee.

Before SAM BASS, DUNN and HUGHES, JJ.

OPINION

SAM BASS, Justice.

Appellant was convicted of capital murder and sentenced to life imprisonment.

We affirm.

Appellant asserts two points of error concerning jury selection. In his first point of error, appellant urges this Court to abate the appeal so that the trial court can hold a *Batson* hearing. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). In his second point of error, he asserts that the conviction should be reversed because the prosecutor allegedly struck black venirepersons on the basis of race.

The voir dire was conducted on an individual basis and is contained in 10 volumes of the statement of facts. Both the prose-

cutor and defense counsel questioned each venireperson separately and then either challenged the venireperson for cause, used a peremptory strike, or accepted the venireperson. Appellant complains about the State's use of peremptory strikes against two black venirepersons. After questioning each venireperson, Appellant objected to the State's use of peremptory strikes. While not stating that Appellant had not demonstrated a prima facie case of racially motivated strikes, the trial court invited the prosecutor to state his reasons for striking the venirepersons. After listening to the State's reasons, the trial court found that the peremptory strikes were not exercised for a racially motivated reasons. Appellant did not repeat his *Batson* motion.

■ An appellant makes a timely objection under *Batson* if such objection is made after the composition of the jury is made known but before the jury is sworn and the venire panel is discharged. *Henry v. State*, 729 S.W.2d 732, 737 (Tex.Crim.App. 1987). This gives the trial court the opportunity to correct any *Batson* violations. *Id.*

■ When Appellant concluded the questioning of the two venirepersons, he made a *Batson* objection. The trial court overruled the *Batson* objection and found the State's use of the peremptory strikes was not racially motivated. At no time after the the jury was selected and before the jury was sworn did Appellant assert a *Batson* objection. Appellant did not make a timely objection and did not preserve error for appeal. TEX.R.APP.P. 52(a).

Appellant argues that the *Batson* issue was presented to the trial court in the same manner as the issue was presented in *Keeton v. State*, 749 S.W.2d 861 (Tex.Crim. App.1988). Appellant contends the issue was preserved for appeal. In 1987, the Court of Criminal Appeals stated the procedure to be followed prospectively. *Henry*, 729 S.W.2d at 737. Appellant's trial took place in 1990, after *Henry*, and Appellant did not follow this procedure.

■ Appellant did not ask the trial court to hold a *Batson* hearing, but only objected on the basis of *Batson* when two venirepersons were struck. Although not finding a prima facie case of discrimination, the State gave its reasons for the strikes and the trial court found that the strikes were not racially motivated. Abatement is not necessary.

Appellant's points of error are overruled.

The judgment is affirmed.

DUNN, J., dissents.

DUNN, Justice, dissenting.

I respectfully dissent.

This appeal presents a question of first impression for the appellate courts of Texas: whether a defendant, in a case in which venirepersons are examined individually rather than as a group, waives his or her *Batson* objection by objecting after the prosecutor peremptorily strikes an individual venireperson, but at no time thereafter.

This appeal involves a charge of capital murder against appellant. The trial court directed that each person on the jury panel be questioned individually by the prosecutor and defense counsel during the voir dire examination. The prosecutor and the defense counsel then either accepted the venireperson, struck the individual for cause, or used a peremptory strike to remove the person.

The majority finds that *Henry v. State*, 729 S.W.2d 732 (Tex.Crim.App.1987), sets out the procedure to be followed when a *Batson* objection is raised. In *Henry*, the Court of Criminal Appeals held that a defendant raises a timely objection, if the objection is "made after the composition of the jury is made known but before the jury is sworn and the venire panel is discharged." *Id.* at 737.

However, *Henry* is distinguishable from this case. In *Henry*, the defendant was charged with involuntary manslaughter. The voir dire examination was conducted by having the prosecutor and defense counsel ask questions of the jury panel as a whole. At the end of the voir dire examination, each party presented its peremptory challenges to the court clerk. The Court of Criminal Appeals ruled that in a non-capital

felony case, a *Batson* objection must made after the peremptory challenge is made, but before the jury is sworn and the venire panel is discharged.

Here, appellant was charged with capital murder. During the voir dire examination, each individual venireperson was questioned individually. Then, after each individual was questioned, the prosecutor and defense counsel either accepted the venireperson, removed the person by a challenge for cause, or removed the person by using a peremptory strike. The *Henry* procedure is not applicable when venirepersons are examined individually rather than as a group.

A defendant, in a case in which the venirepersons are questioned and struck or accepted individually, should not be required to wait until the voir dire examination is completed to make his or her *Batson* objection. To require a defendant to wait until this time when voir dire examination is conducted on a group basis is logical and reasonable because the defendant does not know who the prosecutor will remove by use of his peremptory strikes until voir dire examination is complete. However, in a case such as this one, the defendant knows before the voir dire examination is done whom the prosecutor wishes to remove by use of his or her peremptory strikes.

Courts, in cases where venirepersons were examined as a group, have held that a defendant must make his or her *Batson* objection before the jury is sworn and the venire dismissed because the trial court can correct any error until that point. *Henry*, 729 S.W.2d at 737. A defendant, in a case in which venirepersons are examined individually, should not be deemed to have waived his or her *Batson* objection by giving the trial court even more notice of the objection than is required.

I would find that, in a case in which venirepersons are questioned and accepted or struck individually, an appellant makes a timely objection, and therefore preserves error for purposes of appeal, if he or she makes a *Batson* objection after the prosecution has made its peremptory strike, but before the trial court has impanelled and sworn in the jury.

Because appellant has preserved error on this appeal, I now address appellant's points of error.

Appellant, in his first point of error, contends that the trial court should have held a *Batson* hearing after he made his proper *Batson* objection.

Once a *Batson* objection is raised, the defendant must establish a prima facie case of discrimination by showing

> that he is a member of a cognizable racial group ... that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race.... [D]efendant must show that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the petit jury on account of their race.

*Batson v. Kentucky*, 476 U.S. 79, 96, 106 S.Ct. 1712, 1723, 90 L.Ed.2d 69 (1986).

The record shows appellant is a member of a cognizable racial group, and the prosecutor used peremptory strikes to remove venirepersons of appellant's race. However, these facts must "raise an inference" that the prosecutor used the peremptory strikes to remove persons based on their race.

Recently, the Texas Supreme Court held that the use of one peremptory strike to exclude a member of a cognizable racial group may be enough to raise an inference that the prosecutor used the peremptory strikes to remove persons based on their race. *Powers v. Palacios*, 813 S.W.2d 489 (Tex.1991). This Court has held that a defendant establishes a prima facie case by stating that he is black and the State struck four black members of the venire. *Jones v. State*, 795 S.W.2d 32, 34 (Tex. App.—Houston [1st Dist.] 1990, no pet.).

Here, two black members of the jury panel were removed by the prosecutor's use of his peremptory strikes. Under the *Powers* decision, removing two members of a cognizable racial group of which the defendant was a member raises an inference

that the prosecutor used the peremptory strikes to remove persons based on their race. Also, under *Jones*, appellant established a prima facie case by noting that he was black and that the prosecutor had used two of his peremptory strikes to remove two black venirepersons.

Applying the test for a prima facie case of discrimination, appellant meets this test and establishes a prima facie case.

Once a defendant establishes a prima facie case, the trial court must hold a hearing to determine if the State had race-neutral reasons for striking the members of the racially cognizable group. *Jones*, 795 S.W.2d at 34.

The trial court in this case did not conduct a *Batson* hearing to determine if the prosecutor had race-neutral reasons for striking the two black venirepersons. The trial court immediately overruled appellant's *Batson* objection and found that a prima facie case had not been established, but stated that it would like to hear the prosecutor's reasons for striking the two black venirepersons. However, this did not constitute a hearing as contemplated in *Batson*. A *Batson* hearing is to be conducted after voir dire so that the trial court can consider all relevant circumstances. The prosecutor is to give race-neutral reasons for striking the venirepersons, and then the defendant can offer evidence that the prosecutor's explanations are not valid. *Jones*, 795 S.W.2d at 33. Here, the trial court asked the prosecutor to state his reasons for striking the two venirepersons in anticipation of a *Batson* hearing.

The trial court is required to conduct a *Batson* hearing after a prima facie case is established; the defendant is not required to request a hearing after he or she makes a timely *Batson* objection and establishes a prima facie case. Once appellant established a prima facie case, the trial court erred in not conducting a *Batson* hearing.

I would find that appellant's first point of error be sustained and this appeal abated, so that the trial court can conduct a *Batson* hearing.

In appellant's second point of error, he contends that his conviction should be re-versed because the prosecutor struck two black venirepersons on the basis of race.

Before appellant's second point of error can be considered, this appeal must be abated and a *Batson* hearing conducted, so that we can determine if appellant's second point of error has merit.