v.

**The STATE of Texas, Appellee.**

No. 103–92.

Court of Criminal Appeals of Texas, En Banc.

March 18, 1992.

**Edwin Ray McGEE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 044–92.

Court of Criminal Appeals of Texas, En Banc.

March 18, 1992.

---

Allen C. Isbell, on appeal only, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Mary Lou Keel and Chuck Noll, Asst. Dist. Attys., Houston, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

A jury convicted appellant of capital murder and answered the first special issue in the negative. Therefore, appellant was sentenced to life imprisonment. The conviction was affirmed. *McGee v. State*, 817 S.W.2d 810 (Tex.App.—Houston [1st], 1991). The Court of Appeals held, *inter alia*, that appellant did not preserve any potential error in the State's use of two of its peremptory strikes to excuse two black venirepeople who were questioned individually because he made his *Batson* [1] objection only after each individual *voir dire* and not after the composition of the jury and before the *entire* jury was sworn. Appellant petitions for review of this determination. We will grant his petition, vacate the judgment of the Court of Appeals and remand to the Court of Appeals for reconsideration of appellant's points of error relating to claimed *Batson* error.

The Court of Appeals did not have the benefit of our recent decision in *Garcia–Rousseau v. State*, 824 S.W.2d 579 (Tex.Cr. App.1992), where we held that a defendant may make his or her *prima facie* showing of discriminatory effect at any time prior to the *jury* being sworn. The petition is granted, the judgment of the Court of Appeals is vacated, and the cause remanded to that court for reconsideration consistent with *Garcia–Rousseau*.

---

**1.** *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).