**Larry Wayne REESE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–91–00966–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 15, 1994.

Mark W. Stevens, Galveston, for appellant.

B. Warren Goodson, Jr., Galveston, for appellee.

Before ROBERTSON, CANNON and DRAUGHN, JJ.

## OPINION ON REMAND

ROBERTSON, Justice.

On original submission we found no error in the trial court's sustaining an informer's claim of privilege under the Fifth Amendment. On petition for discretionary review, the court of criminal appeals found the claim of privilege was too broad and therefore spurious. 877 S.W.2d 328. On remand, we are to decide whether the trial court's sustaining the informer's claim was error. Because we find the error harmless, we again affirm the judgment of the trial court.

Appellant was arrested for the offense of delivery of a controlled substance and received a sentence of seventy years imprisonment. Police officers Rankin and Roe presented the only testimony at trial concerning the undercover drug transaction that resulted in appellant's arrest. The role of a police informant, Dal Bosco, in the officers' making that arrest was not made known until shortly before trial. Dal Bosco, however, at a hearing held outside the presence of the jury, asserted his Fifth Amendment right to refuse to testify on the loosely worded ground that such testimony would incriminate him. At the motion for new trial, Dal Bosco did give testimony regarding the drug transaction, none of which, we found in our original opinion, supported appellant's argument that he was entrapped. We also stated that any testimony Dal Bosco could have offered would have been merely cumulative of the testimony already heard from Officer Rankin. *Reese v. State*, 846 S.W.2d 437, 440 (Tex.App.—Houston [14th Dist.], 1992, pet. granted).

Despite our addressing in our original opinion the irrelevance of Dal Bosco's testimony insofar as the entrapment affirmative defense and the relevance of the Fifth Amendment claim, the court of criminal appeals has remanded this cause for us to perform a harm analysis. As an informant, appellant was promised immunity from prosecution; any testimony from him would not have subjected him to criminal action. However, the court of criminal appeals reasoned Dal Bosco could not claim the privilege and withhold all of his testimony when only part of his testimony may have properly been subject to Fifth Amendment protection. *Reese v. State*, 877 S.W.2d 328, 335 (Tex. Crim.App.1994). Therefore, his claiming the Fifth Amendment was, in the words of the court of criminal appeals, spurious. *Id.* We are now in the curious position of having to examine the potential harm resulting from the trial court's permitting Dal Bosco's Fifth Amendment claim even though we found his testimony cumulative and not material to the purpose for which appellant wanted his testi-

mony. The question would thus appear to answer itself.

Nevertheless, we subject the error to a harm analysis. We would address at this juncture, however, some of appellant's arguments that have no bearing on this issue on remand. For example, appellant addresses the belated revelation of Dal Bosco's whereabouts and argues the state effectively shielded him from trial by assuring him he would not have to testify at trial. These assertions do not address the matter for which the court of criminal appeals remanded the case. The court of criminal appeals found that the state's conduct regarding Dal Bosco's whereabouts did not offend the requirement of fundamental fairness. *Reese*, 877 S.W.2d at 330 (Tex.Crim.App.1994). Appellant also disputes that Dal Bosco's testimony at the hearing on the motion for new trial was cumulative of the officers' testimony. The court of criminal appeals, however, found otherwise, stating that Dal Bosco's testimony was "consistent with and cumulative of the officers who testified at trial in all material aspects." *Id.* We therefore do not address appellant's arguments along these lines and instead focus strictly on the harmless error analysis.

The discussion above answers most of the questions asked in the harmless error analysis which requires asking the following questions: 1) whether the state intended to taint the process of the jury's evaluating the evidence; 2) whether the state emphasized the error; 3) probable collateral implications of the error; and 4) whether finding the error harmless would encourage the state to repeat the error with impunity. *Harris v. State*, 790 S.W.2d 568, 587 (Tex.Crim.App.1989). The purpose of this multi-step analysis is to ensure the jurors were able to properly apply the law to the facts to reach a verdict. *Id.* at 587–88.

As the court of criminal appeals noted, the state's conduct concerning Dal Bosco was not egregious and did not interfere with the fairness of the proceedings. *See Reese*, 877 S.W.2d at 330 (Tex.Crim.App.1994) (finding nothing in facts indicating violation of fundamental fairness or shock to universal sense of justice). We therefore find no attempt on the part of the state to taint the jury's evaluation of the evidence. The state certainly did not emphasize Dal Bosco's claiming an overly broad privilege. Indeed, it did not need Dal Bosco's testimony to present its case. The testimony of the police officers concerning the transaction provided a sufficient basis upon which the jury could determine a factual scenario upon which to convict appellant.

As to the third element of the inquiry, probable collateral implications of the error, we find no harm because of the lack of showing that any information from Dal Bosco would bear upon any material issues at the trial. As both the court of criminal appeals and this court found, Dal Bosco's testimony at the motion for new trial presented nothing supporting the entrapment argument proffered by appellant, nor did it present any materially different testimony from that already offered by the police officers. The final element to discuss is the potential for the state to repeat the error should we find the error harmless. Because the error was the trial court's allowing an overly broad claim of privilege against self-incrimination, and not the result of any machinations by the state, we cannot see how this kind of error could affect the state's conduct in the future.

Thus, in accordance with the court of criminal appeals' mandate, we have performed the harm analysis as mandated by *Harris*. However, it is readily apparent that our carrying out this analysis was an exercise in futility. It has furthered no jurisprudential purpose and has unnecessarily delayed the finality of a criminal conviction. At a time when the criminal docket in the courts of appeals is already taxing limited judicial resources, this type of remand demonstrates the inanity of the court of criminal appeals' practice of remanding cases for a harm analysis when in many cases this analysis could more efficiently be done, without any disservice to the appellant's legal rights, by the court of criminal appeals.

We find the error harmless and affirm the judgment of the trial court.