**AMERICAN CHROME & CHEMICALS, INC., Petitioner,**

v.

**Linda R. BENAVIDES, Individually and as Next Friend of Her Minor Children, David Roger Benavides and Paul Anthony Benavides, and as Heir and Personal Representative of The Estate of Her Deceased Husband, Rogelio (Roger) Benavides.**

No. 95–0203.

Supreme Court of Texas.

June 29, 1995.

Carlos Villarreal, Corpus Christi, for petitioner.

William R. Edwards, William R. Edwards, III, Corpus Christi, for respondents.

**DENIAL OF APPLICATION FOR WRIT OF ERROR**

PER CURIAM.

Roger Benavides was killed when he fell through the corroded top of a vat of sulfuric acid while working at night. Linda Benavides, individually and as next friend of her minor children David Roger Benavides and Paul Anthony Benavides and as heir and personal representative of the estate of her deceased husband (Mrs. Benavides), sued his employer, American Chrome and Chemical (ACC), for gross negligence. During jury selection, ACC's attorney used five of his six peremptory strikes against Hispanic panelists. Mrs. Benavides moved for a hearing to determine if the strikes were racially motivated. The trial court found no purposeful discrimination in ACC's strikes. After trial,

the trial court rendered judgment that Mrs. Benavides take nothing. The court of appeals reversed and remanded, finding that ACC's attorney had improperly discriminated on the basis of race in using a peremptory strike against one of the jurors, Margarita Hinojosa. 893 S.W.2d 624.

In reaching this conclusion, the court of appeals relied on *Powers v. Palacios,* 813 S.W.2d 489 (Tex.1991). However, the court suggested that "we and the Texas Supreme Court have gone a step further than some jurisdictions." We disagree with this language. In *Powers,* this court followed *Edmonson v. Leesville Concrete Co., Inc.,* 500 U.S. 614, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991), in holding that equal protection is denied when a private litigant in a civil case uses a peremptory challenge to exclude a juror on account of race. *Powers,* 813 S.W.2d at 491. *See also Batson v. Kentucky,* 476 U.S. 79, 93, 106 S.Ct. 1712, 1721, 90 L.Ed.2d 69 (1986); *Hernandez v. New York,* 500 U.S. 352, 359, 111 S.Ct. 1859, 1866, 114 L.Ed.2d 395 (1991); *Purkett v. Elem,* —— U.S. ——, ——, 115 S.Ct. 1769, 1770, 131 L.Ed.2d 834 (1995).

The application for writ of error is denied.