**Maria DOMINGUEZ, Appellant,**

v.

**STATE FARM INSURANCE COMPANY, Appellee.**

No. 08–93–00233–CV.

Court of Appeals of Texas, El Paso.

Aug. 3, 1995.

Opinion Overruling Rehearing Sept. 7, 1995.

**714**

Phillip Godwin, Odessa, Larry Zinn, San Antonio, for appellant.

James M. Rush, Denis Dennis, MacMahon, Tidwell, Hansen, Atkins & Peacock, P.C., Odessa, for appellee.

Before BARAJAS, C.J., and LARSEN and CHEW, JJ.

### OPINION

LARSEN, Justice.

Maria Dominguez appeals a judgment against State Farm Insurance Company for $8,794.52 under an uninsured motorist policy. She was injured in an automobile accident on June 20, 1991, when an uninsured motorist ran a stop sign and collided with the car in which she was a passenger. Following a jury trial, the court entered judgment on the verdict which Dominguez urges was inadequate in several respects. She also appeals

the trial court's denial of her *Batson* challenge to the jury selection process. Finding *Batson* error, we reverse and remand for new trial.

## FACTS

Maria Dominguez is a forty-four year old Hispanic woman. After the automobile collision which is the subject of this suit, she was taken to Medical Center Hospital in Odessa, Texas. The emergency room records show that Dominguez complained of back pain, was given a pain shot and prescription for pain medication, and discharged. Between the time of the accident and trial, Dominguez received additional medical treatment. She sued State Farm for payment under the applicable uninsured motorist coverage. Before the jury was seated at trial, Dominguez challenged two peremptory strikes made by State Farm to the jury venire, alleging *Batson* error. The trial court overruled the *Batson* challenge, and the case was tried and verdict entered.

## BATSON CHALLENGE

In her first point of error, Dominguez urges that the trial court erred in overruling her challenge to State Farm's exercise of peremptory challenges to minority members of the jury array. We agree.

█ In *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the United States Supreme Court held that in criminal proceedings, the prosecution could not strike potential jurors on the basis of race. This theory has been expanded to prohibit strikes by the defense in a criminal trial, *Georgia v. McCollum*, 505 U.S. 42, ——, 112 S.Ct. 2348, 2359, 120 L.Ed.2d 33 (1992), strikes by any party in a civil trial, *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991), and strikes based on ethnicity or gender as well as race. *Hernandez v. New York*, 500 U.S. 352, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991) (ethnicity); *J.E.B. v. Alabama ex rel T.B.*, —— U.S. ——, ——, 114

S.Ct. 1419, 1430, 128 L.Ed.2d 89 (1994) (gender).[1] Although *Batson* forbade racially-motivated strikes only against members belonging to the same protected group as defendant, it is no longer necessary that the objecting party be a member of the same group as the challenged veniremembers, or indeed of any protected group. *Powers v. Ohio*, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991). This is so because the use of peremptory challenges to discriminate against potential jurors violates the excluded juror's right to equal protection if the strike is used against an otherwise qualified juror solely because that juror is a member of a cognizable race, ethnic group, or gender. *Id.* at 406, 111 S.Ct. at 1368, 113 L.Ed.2d at 422. The non-striking party possesses third party standing to assert the excluded juror's constitutional rights. *Id.* at 414–415, 111 S.Ct. at 1372–1373, 113 L.Ed.2d at 427, 428; *In the Interest of A.D.E.*, 880 S.W.2d 241, 243 (Tex. App.—Corpus Christi 1994, no writ); *Powers v. Palacios*, 813 S.W.2d 489 (Tex.1991).

█ In advancing a *Batson* challenge, the complaining party must first present sufficient evidence to establish a *prima facie* case of discrimination: this consists of evidence creating a rebuttable presumption of discrimination, usually by showing a suspect pattern of strikes against members of a protected class. *Texas Tech University Health Sciences Center v. Apodaca*, 876 S.W.2d 402, 405 (Tex.App.—El Paso 1994, writ denied); *In the Interest of A.D.E.*, 880 S.W.2d at 243. A *prima facie* case is established upon showing the minimum evidence necessary to support a rational inference that the allegation of discrimination is true. *Texas Tech*, 876 S.W.2d at 407. Upon making a *prima facie* showing, the movant is entitled to an adversary hearing, at which the judge serves as fact finder, and the usual rules of evidence apply. *Id.* at 408. At the *Batson* hearing, the burden shifts to the striking party to rebut the presumption of discrimination by producing a racially-neutral explanation for each peremptory challenge to a venire-

---

1. The Texas Court of Criminal Appeals recently held that *Batson* prohibited strikes based upon religion as well. *Casarez v. State*, No. 1114–93, 1994 WL 695868, —— So.2d —— (Tex.Crim.App. 1994, reh'g granted). Rehearing has been granted in that case, and the continued viability of religious *Batson* challenges is far from certain at this writing.

member belonging to a protected class. *Id.* Such explanation, while not necessarily rising to the level of a challenge for cause, must articulate a neutral explanation reasonably related to the issues being tried. *Id.; Williams v. State*, 804 S.W.2d 95, 103 (Tex. Crim.App.1991). After the striking party has given racially-neutral reasons for its peremptory challenges, the complaining party may then offer evidence showing that the explanations are sham or pretext for discrimination. *Texas Tech*, 876 S.W.2d at 408.

On appeal, the trial court's decision on the issue of discriminatory intent is given great deference and we will not disturb it unless it is clearly erroneous. The trial court's decision is clearly erroneous only if, after our consideration of the evidence before the trial court at the time of the *Batson* ruling, we are left with the "definite and firm conviction that a mistake has been committed." *Hill v. State*, 827 S.W.2d 860, 865 (Tex.Crim.App. 1992). We look to both civil and criminal law for guidance in our review of a *Batson* challenge. *Texas Tech*, 876 S.W.2d at 405; *Lott v. City of Fort Worth*, 840 S.W.2d 146, 152 (Tex.App.—Fort Worth 1992, no writ).

■■■ In this case, plaintiff Dominguez challenged defendant's use of peremptory strikes as racially motivated:

Comes now the Plaintiff prior to the jury being selected and we would object to the Defendant's objections as to—we would object to the Defendant's strikes in selecting a jury concerning number nine, David Madrid and number twenty-seven, Joe Alfredo Rubio. And during Voir Dire there were no questions propounded to David Madrid by the Defendant's attorney, nor were there any questions propounded to Alfredo Rubio.

The Plaintiff herein being Maria Dominguez, a Hispanic, the Plaintiff objects to the strikes of the Defendant as aforementioned as they are—as being racially motivated.

The court's response to this objection was "All right. Well, let me swear you in," addressed to State Farm's counsel. State Farm's counsel did not object that Dominguez had failed to make her *prima facie* case. He instead allowed himself to be sworn and responded without objection to questions about his reasons for striking the two veniremembers. Where a challenged party does not obtain the trial court's ruling on whether the *prima facie* case has been met, that issue is waived and may not be raised on appeal. *Chambers v. State*, 866 S.W.2d 9, 23 (Tex. Crim.App.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1871, 128 L.Ed.2d 491 (1994); *Wyle v. State*, 836 S.W.2d 796, 797 (Tex.App.—El Paso 1992, no pet.). In this case, by holding a hearing, the trial court impliedly found a *prima facie* case of discrimination had been met and we will not review that finding. *Wyle*, 836 S.W.2d at 797.[2] We therefore turn to State Farm's counsel's reasons for striking the two veniremembers, which must be based on something other than ethnicity and must be facially valid.

■■■ As to the first juror strike, David Madrid, counsel's testimony was:

He is a twenty year old, unemployed. And while he was in Phillip Godwin's Voir Dire, he looked bored, wasn't paying attention. Those are the notes that I have taken on this gentleman.

Regarding the second questioned strike, of Alfredo Rubio, defense counsel's sole reason was:

The only reason I have for cutting him was that he appeared to be responding

**2.** Much of State Farm's brief on appeal focuses on the lack of evidence ascertaining the two veniremembers were indeed members of a protected class. Under the procedural posture of this case, however, the lack of such evidence is beside the point. It is true that where the trial court finds no *prima facie* case, it is imperative that the challenging party include in the record competent evidence showing that the challenged veniremembers were members of a protected class, as well as showing the make-up of the jury

panel as a whole. If the moving party's *Batson* challenge relies upon disparate treatment, moreover, the evidence should also establish the status of jury members used for comparison. *See Texas Tech*, 876 S.W.2d at 408. Where the trial court proceeds to hearing on the *Batson* issue, however, the *prima facie* case has been sustained and the presumption of discrimination arises. Further evidence on the jury panel's background therefore becomes unnecessary.

well to some of Phillip's questioning regarding the insurance coverage.

The court then asked of defense counsel: "Well, did you strike either of these gentlemen because they were Hispanic?" Counsel responded, "No." That was the entirety of the *Batson* hearing. Plaintiff's counsel did not cross-examine opposing counsel, nor offer any evidence attempting to show that the asserted neutral reasons were pretext. The trial court, impliedly finding no *Batson* violation, seated the jury with the strikes as originally made.

█ The party exercising a peremptory strike, challenged under *Batson*, must give a "clear and reasonably specific" explanation of "legitimate reasons" for the strike. *Lott*, 840 S.W.2d at 152. We find that defense counsel's explanation of the peremptory challenge to David Madrid was racially neutral and facially valid; both youth and employment status are proper considerations in making peremptory challenges. *Jack v. State*, 867 S.W.2d 942, 947 (Tex.App.—Beaumont 1993, no pet.); *Barnes v. State*, 855 S.W.2d 173, 174 (Tex.App.—Houston [14th Dist.] 1993, pet ref'd). (We do note, however, that striking a veniremember because he seemed bored by opposing counsel is unusual.) Although Dominguez's counsel raised some evidence of disparate treatment on motion for new trial (that several non-Hispanic panel members were not struck by State Farm despite their youth or lack of employment) that evidence came too late. We must judge whether the trial court's decision was clearly erroneous based upon the evidence presented at the time of the *Batson* hearing. *Hill v. State*, 827 S.W.2d 860, 870 (Tex.Crim.App. 1992). Evidence adduced after the jury is seated will not support reversal of a *Batson* ruling. We therefore conclude that the trial court correctly upheld the peremptory challenge to veniremember David Madrid.

█ As to veniremember Alfredo Rubio, however, we cannot reach the same conclusion. The reason advanced by State Farm for this strike, that the veniremember "responded well" to opposing counsel's questions, finds no support in the record. Mr. Rubio made no verbal response to any question by either counsel during voir dire. If counsel's strike relied upon some sort of non-verbal response not reflected in the written record (head nodding, facial expression, arm crossing), we believe the law required him to describe specifically the behavior upon which he relied. *Hill v. State*, 827 S.W.2d 860, 870 (Tex.Crim.App.1992) (prosecutor's race-neutral reason pretextual where no mention of any specific body language or other non-verbal actions supporting his conclusion that African–American veniremember was biased); *Roberson v. State*, 866 S.W.2d 259, 261 (Tex.App.—Fort Worth 1993, no pet.); ("When the State strikes a juror on a basis that cannot easily or objectively be determined by the reviewing court, ... that basis must be substantiated by something other than the prosecutor's statement and that something must be on the record"); *Munson v. State*, 774 S.W.2d 778, 780 (Tex.App.—El Paso 1989, no pet.); *Branch v. State*, 774 S.W.2d 781, 784 (Tex.App.—El Paso 1989, pet. ref'd); but see *Moss v. State*, 877 S.W.2d 895 (Tex.App.—Waco 1994, no pet.) (declining to follow majority view).

That someone "responded well" to questions, where no verbal response is contained in the record, cannot alone overcome the presumption of discrimination at a *Batson* hearing unless some evidence of the adverse conduct, and how it relates to the issues to be tried, is reflected in the record. "Whimsical explanations will simply not get the job done." *Lott*, 840 S.W.2d at 153. We conclude that the presumption of discrimination as to veniremember Rubio was not rebutted in this case.

█ The exclusion of even one member of the venire for prohibited reasons invalidates the entire jury selection process. *Whitsey v. State*, 796 S.W.2d 707, 716 (Tex. Crim.App.1989). Having shown error, Dominguez is entitled to a new trial. Appellant's point of error one is sustained. We therefore need not reach appellant's remaining points of error.

### CONCLUSION

We reverse the trial court's judgment and remand the case for new trial.

## OPINION ON REHEARING

 On rehearing, State Farm urges that our opinion in this case conflicts with the U.S. Supreme Court's recent case of *Purkett v. Elem*, 514 U.S. ——, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995). We do not believe that opinion changes the outcome of the appeal here, and we write on rehearing to explain why.

*Purkett* is a per curiam opinion involving strikes of two African–American venire-members from the jury in a criminal case. The prosecutor, upon examination at the *Batson* hearing, stated that he struck the two because they both had long, unkempt hair and goatees. *Purkett*, 514 U.S. at ——, 115 S.Ct. at 1770, 131 L.Ed.2d at 836. The trial court overruled the *Batson* challenge, and the Court of Appeals for the Eighth Circuit reversed, finding that the prosecutor's explanation was pretextual and that the trial court had "clearly erred" in concluding there had been no intentional discrimination. *Purkett*, 514 U.S. at ——, 115 S.Ct. at 1770, 131 L.Ed.2d at 836. The U.S. Supreme Court reversed, finding that the Court of Appeals had misinterpreted its:

> [A]dmonition in *Batson* that to rebut a prima facie case, the proponent of a strike 'must give a 'clear and reasonably specific' explanation of his 'legitimate reasons' for exercising the challenges' [cites omitted] and that the reason must be 'related to the particular case to be tried.' *Purkett*, 514 U.S. at ——, 115 S.Ct. at 1771, 131 L.Ed.2d at 839, quoting *Batson*, 476 U.S. at 98 n. 20, 106 S.Ct. at 1724 n. 20.

The Supreme Court explained that it meant by "legitimate reason" not a reason that made sense, but a reason that does not deny equal protection.[1] *Id.* It found that the Court of Appeals erred by holding that the explanation proffered at the second stage of a *Batson* proceeding must be not just neutral but also at least minimally persuasive and plausible. *Id.* It is only at the third stage of a *Batson* hearing, the Court explained, that the quality of an explanation may be examined. At the second stage, implausible or fantastic justifications, so long as they are race neutral, will suffice. *Id.*

We believe *Purkett* is distinguishable from the situation before us here. In *Purkett*, the prosecutor gave a specific, detailed description of the veniremembers' appearance. The appellate courts had some basis for deciding whether the trial court properly or improperly allowed the prosecutor's reason to stand, as the record reflected those facts upon which he relied. Here, the record shows no "response" of any kind, verbal or non-verbal, by veniremember Rubio. There is simply no evidence to support the trial court's ruling on the *Batson* issue. Just as with any other evidentiary matter, a party must make sure the appellate court, by some method, has access to the evidence upon which that party relies. We hold, as do the majority of Texas courts, that if a strike relies upon non-verbal factors, those factors must be described specifically in the record. We do not see that the *Purkett* case changes this requirement.

State Farm's motion for rehearing is overruled.

---

1. Perhaps the Court of Appeals can be forgiven for misunderstanding this nuance.