Larry Wayne REESE, Appellant,

v.

The STATE of Texas, Appellee.

No. 0047–95.

Court of Criminal Appeals of Texas,
En Banc.

Nov. 15, 1995.

Mark W. Stevens, Galveston, for appellant.

B. Warren Goodson, Jr., Assistant Dist. Atty., Galveston and Robert A. Huttash, State's Atty., Austin, for the State.

*OPINION CONCURRING TO REFUSAL OF APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

OVERSTREET, Judge.

Appellant was convicted of delivery of a controlled substance. The court of appeals affirmed in *Reese v. State*, 846 S.W.2d 437 (Tex.App.—Houston [14th Dist.] 1992). However, we remanded the cause to the court of appeals for further appropriate analysis. *Reese v. State*, 877 S.W.2d 328 (Tex.Cr. App.1994). On remand, the court of appeals again affirmed. *Reese v. State*, 892 S.W.2d 161 (Tex.App.—Houston [14th Dist.] 1994).

Appellant has filed a petition for discretionary review raising three grounds/points for review. After careful review this Court refuses appellant's petition for discretionary review. I write separately believing that while the petition should indeed be refused, it should be refused with a disclaimer as we have done in previous cases. *See, e.g., Aguilar v. State*, 830 S.W.2d 612 (Tex.Cr.App.

1992); *Crowley v. State*, 830 S.W.2d 613 (Tex. Cr.App.1992); *McGee v. State*, 825 S.W.2d 709 (Tex.Cr.App.1992); *Montgomery v. State*, 827 S.W.2d 324 (Tex.Cr.App.1992); *Sheffield v. State*, 678 S.W.2d 82 (Tex.Cr. App.1984); and *Sheffield v. State*, 650 S.W.2d 813 (Tex.Cr.App.1983).

Nevertheless, I note that the court of appeals, conducting further analysis on remand, used language which suggests that it was somehow improperly imposed upon and inconvenienced by having this case remanded to it. *Reese v. State*, 892 S.W.2d at 163. The court of appeals specifically stated that performing such analysis was "an exercise in futility[,]" "furthered no jurisprudential purpose[,]" and "unnecessarily delayed the finality of a criminal conviction." *Id.* I believe that this Court should disavow and disclaim such language. When a court of appeals incorrectly finds an absence of error or neglects to address a party's points and/or arguments, a majority of this Court has held that it is proper that the case be remanded to that court of appeals so that it can correct its oversight. *See, e.g., Owens v. State*, 827 S.W.2d 911, 917–18 n. 7 (Tex.Cr.App.1992); *Saenz v. State*, 843 S.W.2d 24 (Tex.Cr.App. 1992); *Ikner v. State*, 848 S.W.2d 161 (Tex. Cr.App.1993); *King v. State*, 848 S.W.2d 142 (Tex.Cr.App.1993); and *Wood v. State*, 828 S.W.2d 13 (Tex.Cr.App.1992). It is certainly not an imposition in requiring a court of appeals to fully and accurately address the parties' claims. *See, e.g.,* Tex.R.App.Pro. 90(a).

With this understanding, I agree with the Court's decision to refuse appellant's petition for discretionary review, but I specifically disavow and disclaim the language from the court of appeals' opinion.

BAIRD, J., joins.