Henry **WILLIAMS, III, Appellant,**

v.

The **STATE of Texas, Appellee.**

No. 01–81–0260–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 18, 1982.

J. Ronald Vercher, Houston, for appellant.

Larry Urquhart, Houston, for appellee.

Before WARREN, DUGGAN and PRICE, JJ.

PRICE, Justice.

This is an appeal from a conviction for aggravated robbery. The jury, finding the appellant to be a second offender, assessed his punishment at life imprisonment and a $10,000 fine.

The sufficiency of the evidence is unchallenged.

The appellant contends in his first ground of error that the trial court erred in failing to grant his motion for severance.

Tex.Code Crim.Pro. art. 36.09 permits a joint trial of two or more defendants who are separately indicted for the same offense. The statute requires separate trials in such matters where a motion to sever has been timely filed and sufficient evidence is presented to establish the prejudicial nature of a joint trial.

The appellant filed two motions to sever. In his first motion heard before voir dire, the appellant alleges that "inconsistent and antagonistic" defenses would be presented by the two defendants during the trial. The appellant offers as evidence to support his motion the testimony of his attorney who stated that more witnesses to the robbery would identify the co-defendant Berry than appellant thus causing the appellant to

align himself more closely with the prosecution and to "point the finger" at Berry. He further testified that the inconsistent defense would be enhanced because the appellant intended to present an alibi defense at trial.

It is difficult to perceive how the above testimony establishes harm to the appellant. The appellant is not prejudiced if he can utilize his alibi along with the strength of the state's case to establish his lack of involvement in the crime.

It is interesting to note that from an examination of the record, the testimony at the trial did not develop as the appellant's attorney expected and his trial strategy was not able to be utilized. He further requested the court not to include a charge to the jury on the defense of alibi.

The appellant presented an amended motion for severance after voir dire and the jury was selected. He alleged:

(1) that his case was prejudicial since all but one of the eyewitnesses to the incident could identify the co-defendant but only one could identify the appellant,

(2) that the co-defendant was a potential witness for the appellant, whose testimony would be unavailable if tried jointly with the appellant,

(3) that the appellant's attorney might feel compelled in closing argument to comment on the co-defendant's failure to testify and

(4) the co-defendants have antagonistic defenses due to the disparity of evidence between them and that this would cause the appellant's attorney to call attention to it and assure a role more compatible with the state.

■ Again, the appellant's attorney attempted to support these contentions by his own testimony. However, his testimony does not support any of the contentions asserted in the motion to sever. He stated that due to the weight of the evidence against the other codefendant, extraneous offenses would be used against him and this would prejudice the appellant. The Court overruled the motion to sever due to the prosecutor's agreement not to enter into extraneous matters against the co-defendant. Since the testimony by the appellant's attorney does not address the assertions made in the motion to sever, appellant failed in his burden to produce any evidence on his allegations in the motion to sever, as is required by Article 36.09 Tex.Code Crim. Pro. *Ransonette v. State*, 550 S.W.2d 36 (Tex.Cr.App.1976). Because no evidence was offered in support of the amended motion for severance and since the evidence offered on the original motion to sever did not show harm to the appellant, there was no abuse of discretion by the trial judge in denying his motion. Appellant's first ground of error is overruled.

In his second ground of error the appellant asserts that the court erred in failing to grant a mistrial as a result of the state's impermissible plea for law enforcement during its jury argument. The appellant complains of the following argument by the prosecutor:

Mr. Reynolds [counsel for co-defendant Berry] told you you ought to feel proud. Sure you should. You ought to feel proud not to be afraid to tell anybody about what you did. You know darn well if you don't convict these two of the crime they committed, you won't feel very proud . . . .

The trial court sustained the appellant's objection and instructed the jury to disregard the argument. A motion for mistrial was denied.

■ This argument was in the form of a plea for law enforcement which a prosecutor is permitted to make. *Phillips v. State*, 511 S.W.2d 22 (Tex.Cr.App.1979); *Whittington v. State*, 580 S.W.2d 845 (Tex.Cr.App.1979). This was not, as the appellant contends, an effort on the part of the prosecutor to induce the jury to do what the community expected. Furthermore, the complained of argument was a legitimate response to an argument by Mr. Reynolds, the attorney representing the co-defendant Berry. Mr. Reynolds while urging the jury to acquit his client argued:

I just want you to discharge your duty and feel proud of what you do. Thank you.

The appellant's second ground of error is overruled.

In his final ground of error, appellant complains that the trial court erred in failing to grant appellant's motion for mistrial when the state argued that the jury should consider the parole law when assessing appellant's punishment. The appellant is contending that the following argument by the prosecutor during the punishment phase of the trial was a plea to the jury to apply the parole laws to the punishment that they assess. The prosecutor argued:

... Now you know what it was that he went there for. He went up for a bank robbery back in 1976 of the Cleveland Bank and Trust—State's Exhibit 33. It's in evidence. Take it back with you. Now, you also know ladies and gentlemen, by State's Exhibit 32 that on September 30, 1969, Henry Williams went to the Texas Department of Corrections for a period of ten years for the offense of robbery by assault. But, you also know by looking at this, by 1976, he's out. Mr. Vercher: Object to what he's doing. He is calling attention to exactly what the Court said not to call attention to, and that is the time served. That is wholly improper jury argument, and I object for that reason.

The Court: Sustained.

Mr. Vercher: Ask the Court to instruct the jury to disregard it.

The Court: The jury will disregard how long he had to serve on the ten-year sentence.

Mr. Vercher: Move for a mistrial.

The Court: Overruled.

It is well settled in Texas that a prosecutor cannot tell the jury to take into consideration parole laws when considering their verdict. *Graham v. State*, 422 S.W.2d 922 (Tex.Cr.App.1968); *Hughes v. State*, 493 S.W.2d 166 (Tex.Cr.App.1973). However, in the instant case the prosecutor was calling the jury's attention to two "pen packets" (State's Exhibit 32 and 33) which had already been introduced into evidence. He predicated his remarks by suggesting that the information contained in these exhibits could offer some "insight into the mind of one with such utter contempt for the law and property of others and for the lives of others that he could do what that man did..." In argument, one is permitted to draw reasonable inferences from the evidence. Here the reasonable inference made from the evidence contained in the "pen packets" is that this man has not reformed and as a recividist deserves more time than he had previously received.

In any event, the trial court sustained the objection and instructed the jury to disregard the statement. This verbal instruction along with the Court's written instruction to disregard all considerations of parole law was sufficient to cure any harmful misconception that might have been caused by the complained of argument.

Appellant's third ground of error is overruled and the judgment is affirmed.