Randy Doyle SNOW, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–85–0822–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 11, 1986.

James R. Smith, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Timothy G. Taft, Mike Anderson, Harris County Asst. Dist. Attys., Houston, for appellee.

DUGGAN, LEVY and HOYT, JJ.

## OPINION

DUGGAN, Justice.

After a jury found appellant guilty of murder, appellant pled true to the enhancement paragraph, and the jury assessed his punishment at 35 years confinement. Appellant asserts six points of error.

In points of error one and two, appellant contends that the trial court erred in overruling his motion for severance. Tex.Code Crim.P.Ann. art. 36.09 (Vernon 1981) provides that:

> Two or more defendants who are jointly or separately indicted or complained against for the same offense or any offense growing out of the same transaction may be, in the discretion of the court, tried jointly or separately as to one or more defendants; provided that in any event either defendant may testify for the other or on behalf of the state; and provided further, that in cases in which, upon timely motion to sever, and evidence introduced thereon, it is made known to the court that there is a previous admissible conviction against one defendant or that a joint trial would be prejudicial to any defendant, the court shall order a severance as to the defendant whose joint trial would prejudice the other defendant or defendants.

On May 16, 1985, appellant's counsel filed an unsworn motion for severance, which alleged, inter alia: (1) that evidence would be admissible against appellant in a joint trial that would be inadmissible in a separate trial; (2) that the co-defendant, Moreno, had been charged with escape;

and (3) that Moreno had an admissible prior conviction. On appeal, appellant advances additional reasons why the trial court should have granted the severance, including: (1) that Moreno had seven prior convictions; (2) that Moreno had threatened to call his attorney to the stand to impeach appellant; (3) that appellant's defense, duress, and Moreno's defense, self-defense, were so antagonistic that appellant would be prejudiced; and (4) that Moreno used a deadly weapon, and appellant did not.

■ Under article 36.09, severance is not a matter of right, but is addressed to the sound discretion of the trial court, *Sonderup v. State*, 418 S.W.2d 807 (Tex.Crim. App.1967), unless one defendant has no prior admissible convictions, and a co-defendant has one or more prior admissible convictions. *Robinson v. State*, 449 S.W.2d 239, 240 (Tex.Crim.App.1969). If all defendants have prior admissible convictions, the ground for severance must be based on the fact "that a joint trial would be prejudicial." Whether prejudice would result rests within the sound discretion of the trial court. *Thornton v. State*, 451 S.W.2d 898, 900 (Tex.Crim.App.1970); *Robinson*, 449 S.W.2d at 241.

The record reflects that both appellant and Moreno had prior admissible convictions, such that there was no absolute right to a severance. *Bolding v. State*, 493 S.W.2d 186 (Tex.Crim.App.1973); *Fisher v. State*, 681 S.W.2d 202, 206 (Tex.App.— Houston [14th Dist.] 1984, pet ref'd).

■ The record does not reflect that appellant offered any evidence before trial in support of his motion. When no evidence is offered in support of a motion to sever, no abuse of discretion is demonstrated. *Sanne v. State*, 609 S.W.3d 762 (Tex. Crim.App.1980). Events at trial cannot become the basis for showing that the trial court abused its discretion before trial, unless the trial court was presented with evidence, before trial, indicating that the prejudicial events might occur. *Fisher*, 681 S.W.2d at 206. Because appellant failed to offer any evidence before trial, no abuse of discretion is shown.

■ The record reflects that at the end of voir dire, appellant reurged his motion to sever, offering evidence in support thereof that his co-defendant, Moreno, intended to call his, Moreno's, attorney in order to impeach appellant. However, the events that formed the basis for establishing prejudice under article 36.09 did not occur at trial. Error, if any, is therefore harmless.

Points of error one and two are overruled.

In point of error three, appellant contends that the trial court erred in overruling his motion to suppress his confession. The record reflects that appellant was incarcerated in the Walker County Jail on September 13, 1984, for burglary. Sometime thereafter, Texas Ranger Ellis R. Goodwin and Harris County Sheriff Detective Edwin Kruschel interviewed appellant ("Interview I") regarding an unrelated offense. After the first interview, Ranger Goodwin and Detective Kruschel interviewed appellant (Interview II) regarding the instant case. On October 9, 1984, Officer R.L. Doyle of the Houston Police Department Homicide Division and Ranger Goodwin interviewed appellant ("Interview III") and at that time took appellant's written confession.

Appellant contends that, because the trial court's findings of fact erroneously show that the written confession was made to Detective Kruschel, there are no findings that support the conclusion that the written confession taken at Interview III, given to Officer Doyle, and admitted at trial, was voluntary.

On February 19, 1986, the trial court entered written findings of fact and conclusions of law that recited that the confession taken by Detective Kruschel was voluntary. Appellant contends that these findings and conclusions do not support admission of the written confession taken by Officer Doyle and admitted at trial. We agree. However, on October 16, 1986, we ordered the trial court to enter written findings of fact and conclusions of law in compliance with Tex.Code Crim.P.Ann. art.

38.22 (Vernon 1979), concerning the confession admitted at trial. On November 10, 1986, the trial court filed with this Court its findings and conclusions that appellant's confession given to Officer Doyle at Interview III was voluntary. Appellant's initial contention is now moot, and this portion of his third point of error is overruled.

Next, appellant contends that, because he was told by Ranger Goodwin during Interview I that he was being interviewed only as a witness, and because the record is unclear whether Ranger Goodwin and Detective Kruschel countermanded, repeated, or were silent about whether they interviewed appellant as a witness or as a suspect during Interview II, that his confession, given during Interview III, was so tainted by trickery that it violated due process. Appellant also contends that because Ranger Goodwin told him, during Interview II, that they had information that Moreno had killed the complainant and that they had enough information from another person (Harberson) to charge appellant with capital murder, that his confession, given during Interview III, was so tainted by trickery that it violated due process.

■ Appellant's contention that he believed he was being interviewed only as a witness, is inconsistent with his contention that he was coerced at that time by threats of capital murder charges. Either he felt threatened because of possible charges as a party under suspicion, or he was duped into believing he was being interviewed only as a witness, but not both. The trial judge, as the trier of fact, could have considered this inconsistency in evaluating the voluntariness of appellant's confession. *Paster v. State,* 701 S.W.2d 843, 846 (Tex. Crim.App.1985).

Officer Doyle's testimony is unequivocal that he made no promises, threats, or improper demands to obtain the confession. Appellant testified that "at the time the written statement was given, it was given voluntarily; it was not under duress." As the trier of fact, the trial court is the sole judge of the weight and credibility to be given to the witnesses and their testimony,

and is free to accept or reject all or any of the testimony of any witness, including that of the accused. *Hawkins v. State,* 660 S.W.2d 65 (Tex.Crim.App.1983). Because the trial court's findings of fact, filed in compliance with Tex.Code Crim.P.Ann. art. 38.22 (Vernon 1979), are supported by the record, we are not at liberty to disturb them. *Griffin v. State,* 665 S.W.2d 762 (Tex.Crim.App.1983), *cert. denied,* 465 U.S. 1051, 104 S.Ct. 1327, 79 L.Ed.2d 722 (1984); *Green v. State,* 615 S.W.2d 700 (Tex.Crim. App.), *cert. denied,* 454 U.S. 952, 102 S.Ct. 490, 70 L.Ed.2d 258 (1980). The only relevant question is whether the trial court properly applied the law to the facts. *Burdine v. State,* 719 S.W.2d 309, 318 (Tex. Crim.App.1986). We conclude that the trial court properly applied the law to the facts in admitting appellant's confession.

■ Even if appellant's version is accepted as true, voluntariness is not destroyed, and a confession induced by deception or trickery is not inadmissible, unless the method used was calculated to produce an untruthful confession or was offensive to due process. *Johnson v. State,* 651 S.W.2d 303, 310 (Tex.App.—San Antonio 1983, no pet.); *Dotsey v. State,* 630 S.W.2d 343 (Tex. App.—Austin 1982, no pet.).

■ In *Moran v. Burbine,* —— U.S. ——, 106 S.Ct. 1135, 1147, 89 L.Ed.2d 410 (1986), the Supreme Court held that uncontested facts, more egregious than those of the instant case, were not violative of the "traditions and conscience of our people," i.e., due process. Appellant's third point of error is overruled.

Appellant's fourth point of error contends that the trial court erred in denying his motion for mistrial following Ranger Goodwin's statement that appellant was originally charged with capital murder for the instant offense. The State questioned Goodwin as follows:

Q. Did you make any arrest or were any charges filed as a result of your conversation with Randy Snow? ...

A. Yes, sir.

Q. And what charges were those?

A. I believe I did not file any charges, but—

Mr. Smith: Objection.... [No personal knowledge, hearsay.]

The Court: Sustained to anything told to him.

Q. Do you know if any charges were filed?

Mr. Smith: Objection again. It's going to be hearsay.

The Court: If he knows.

A. Yes, sir.

Q. And what charges were those?

A. Capital Murder.

Mr. Smith: Objection....

Out of the presence of the jury, the objection was sustained, and the motion for mistrial was denied. The court admonished the jury as follows:

As to the last objection made by Mr. Smith and also joined by Mr. Percely, I sustain your objections, gentlemen.

Ladies and gentlemen, I am instructing you to disregard the last statement as to the charges being filed as capital and not consider it. It will not be considered for any purposes, is that understood?

■ Appellant relies exclusively on *Maynard v. State*, 685 S.W.2d 60 (Tex.Crim. App.1985), which involved the improper admission of an extraneous offense, over objection. However, unlike the objection in *Maynard*, appellant's objection was sustained, and the jury was instructed to disregard Ranger Goodwin's answer. Generally, an instruction to disregard cures the improper admission of an extraneous offense. *Campos v. State*, 589 S.W.2d 424, 427–428 (Tex.Crim.App.1979).

■ The instant facts are less egregious than the improper admission of an extraneous offense. In fact, it could be argued that appellant was benefited. The jury might have inferred that the State's case against appellant was weak, because it did not prosecute him for capital murder. In any event, the instruction to disregard properly instructed the jury not to consider the testimony for any purpose, thereby curing any error. Appellant's fourth point of error is overruled.

Appellant's fifth point of error challenges the sufficiency of the evidence. Appellant's sixth point of error contends that the trial court erred in charging the jury pursuant to Texas Penal Code section 7.02(b), relating to criminal responsibility in a conspiracy, because the evidence was insufficient.

In reviewing sufficiency of the evidence, the relevant question is whether, viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Chambers v. State*, 711 S.W.2d 240 (Tex.Crim.App.1986). Whether the evidence is sufficient is also determinative of whether the jury charge should have been given. *Curren v. State*, 656 S.W.2d 124 (Tex.App.—San Antonio 1983, no pet.).

On August 27, 1984, Shelly Denise Harberson, a prostitute, was walking down Airline Drive, on her way to buy drugs, when Clifford Winningham, the deceased complainant, stopped to pick her up. Harberson and Winningham went to the Olympic Motel so that Winningham could see Ann Marie Salus, whom he had met before. Appellant, Charles Moreno, and Salus were at the motel when Harberson and Winningham arrived.

Harberson testified that when she and Winningham arrived, she told Salus that Winningham had come to see her, Salus. Salus and Winningham talked briefly. Salus then left, as Harberson went into the bathroom to "fix up some preludes." Moreno and appellant were sitting at a table, and Winningham was sitting on the bed.

While she was in the bathroom, Harberson heard noises from the room that sounded like a fight. She then heard appellant yell, "Don't beat him to death. Quit beating him. You're going to kill him if you don't stop beating him. You're going to kill him." Harberson attempted to leave the bathroom, and appellant kicked the

door shut. About five minutes later, appellant escorted Harberson outside. She saw Moreno holding a .410 shotgun and saw Winningham's legs on the floor between the two beds. Once outside, appellant told Harberson to wait for Salus, and not allow her to enter the room.

When Salus arrived, appellant told her and Harberson to rent another room, which they were unable to do because they did not have enough money. Next, Harberson, Salus, Moreno, and appellant went to another motel, where Salus rented a room. After about ten minutes, Moreno and Salus left. Appellant then told Harberson that Moreno got carried away and didn't have to kill Winningham because he, Moreno, already had Winningham's money. When Moreno and Salus returned, the group prepared some drugs. Moreno and appellant then left the room. Harberson did not see appellant again for two weeks. At that time, appellant told Harberson that they had dumped Winningham's body in the bayou.

Salus testified that one of the reasons she left the room was that she knew that appellant and Moreno were going to rob Winningham because of the way they were acting.

Thomas Ritter, a friend of appellant's, testified that appellant told him that he and Moreno were just supposed to take Winningham's money.

Appellant's confession reflects that Moreno told appellant, "[L]et's take him"; that appellant told Moreno, "[L]et me hit my preludes" first; that appellant was under the impression that Moreno intended to rob Winningham; that Moreno told appellant to stand by the door of the room; and that appellant complied.

The confession also reflects that, after Moreno beat Winningham with the shotgun, appellant helped clean the blood from the carpet; that appellant accepted money from Moreno, representing one-half of that taken from Winningham; that appellant helped Moreno load Winningham's body in the trunk of appellant's car; that appellant helped find a piece of concrete with which

to weight the body down; that appellant helped carry Winningham's body down to the bayou; that appellant helped Moreno dispose of bloody towels, sheets, and pillow cases; and that appellant sold the shotgun that was used to bludgeon Winningham.

■■■■ Sergeant Doyle, of the Houston Police Department, testified that appellant pointed out the locations where he and Moreno had dumped the body, where they had obtained the concrete used to weight the body, and where the murder took place.

Texas Penal Code section 7.02(b) (Vernon 1974) provides that:

> If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy.

A conspiracy exists if, with intent that a felony be committed, a person agrees with another that they, or one of them, engage in conduct constituting an offense, and one of them performs an overt act in pursuance of the agreement. An agreement may be inferred from the acts of the parties. *See Freeman v. State*, 654 S.W.2d 450 (Tex.Crim.App.1983); *Wygal v. State*, 555 S.W.2d 465 (Tex.Crim.App.1977); Tex.Penal Code Ann. sec. 15.02 (Vernon 1974).

· ■■■■ A person may be guilty as a party under section 7.02(b) even though he did not aid in committing the offense. *Tarpley v. State*, 565 S.W.2d 525 (Tex.Crim.App.1978). Events before, during, and after the commission of the offense may show a common understanding and design. *Beier v. State*, 687 S.W.2d 2 (Tex.Crim.App.1985); *Alexander v. State*, 607 S.W.2d 551 (Tex.Crim.App.1980). Although mere presence at the scene of an offense is not alone sufficient to show guilt, *Drager v. State*, 555 S.W.2d 743 (Tex.Crim.App.1977), it is a circumstance that, when combined with other facts, may suffice to show participation by agreement.

*Cordova v. State,* 698 S.W.2d 107 (Tex. Crim.App.1985); *Porter v. State,* 634 S.W.2d 846 (Tex.Crim.App.1982); *Barron v. State,* 566 S.W.2d 929 (Tex.Crim.App. 1978); *Suff v. State,* 531 S.W.2d 814 (Tex. Crim.App.1976).

Notwithstanding conflicting evidence, the jury was free to conclude that appellant conspired with Moreno to commit the robbery of Winningham, *Burdine v. State,* 719 S.W.2d 309, 314. The record contains ample evidence of events before, during, and after the offense from which the jury could rationally conclude that each was "contributing some part towards the execution of their common purpose". *Id.* 719 S.W.2d at 315; *Brooks v. State,* 580 S.W.2d 825 (Tex.Crim.App.1979); *Curtis v. State,* 573 S.W.2d 219 (Tex.Crim.App.1978).

Appellant's contention that he did not intend to kill Winningham, which the State concedes, is irrelevant because only a conspiracy to commit robbery was necessary in order for the jury to find appellant guilty under section 7.02(b). *Burdine,* 719 S.W.2d at 314; *Curtis,* 573 S.W.2d at 223.

Appellant's fifth and sixth points of errors are overruled.

The judgment is affirmed.