**Joseph PETERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–96–00167–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

June 19, 1997.

Discretionary Review Refused Nov. 26, 1997.

Larry P. Urquhart, Houston, for Appellant.

John B. Holmes, Dan McCrory, Houston, for Appellee.

Before WILSON, ANDELL and HUTSON–DUNN, JJ.*

**OPINION**

ANDELL, Justice.

The issue in this appeal concerns whether the trial court abused its discretion by denying the appellant's motion for severance from his codefendant. On May 9, 1995, the appellant, Joseph Peterson, and Derrick Celestine, along with several others, were arrested while engaging in a drug transaction. Based on information provided by an informant, officers with the Texas Department of Public Safety and agents with the Federal Drug Enforcement Administration raided X–Communications, a beeper store the appellant owned. The law enforcement officials found the appellant, Celestine, and Jorge Enrique Aguirre in a back room with approximately $65,000 in cash and four kilograms of cocaine in plain view. The law enforcement officials arrested the three men, along with several others. The appellant, Celestine, and Aguirre were tried jointly.[1]

Both the appellant and Aguirre filed motions for severance in an attempt to distance

---

* The Honorable D. Camille Hutson–Dunn, retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. During voir dire, Aguirre entered a guilty plea and was not tried with the appellant and Celestine.

themselves from Celestine. The appellant's motion alleged the following:

[C]ertain statements possesses [sic] by the State might be admissible against some of the Defendants, but not against him. Judicial economy and efficiency will be promoted without prejudice to the Accused's right to a fair trial if this issue is determined at a pre-trial hearing....

. . . .

Defendant would also show that he has no prior criminal record, and that previous felony convictions or other uncharged criminal conduct admissible against his co-defendants would be prejudicial to him if tried jointly with all of them and he would therefore request relief. The Defendant respectfully suggest [sic] that upon timely motion and hearing from the State and Co–Defendants the Court should order and schedule separate trials.

. . . .

Finally, Defendant would show that this Indictment joins separate, [sic] conspiracies and that he will be prosecuted for matters of which he has no knowledge [sic] and in which he did not participate. The spillover effect of this Indictment will make it difficult, perhaps impossible, for the jury to understand and obey any limited instructios [sic].

The appellant's motion lists three independent grounds for severance—prejudicial statements made by the appellant's codefendants, his codefendant's prior criminal records, and certain allegations of conspiracies that his codefendants participated in but he did not. The last two grounds were not mentioned in the hearing on both the appellant's and Aguirre's severance motions, and no evidence was submitted on these grounds.

During the hearing on Aguirre's severance motion, Aguirre brought to the court's attention a taped phone conversation between Celestine and the State's informant. This tape loosely indicated that Celestine had offered the informant a bribe not to testify at trial. The State promptly responded that it did not intend to use this evidence unless Celestine first "opened the door" to its use. The appellant reasserted Aguirre's concern that the tape presented a ground for severance.

However, the appellant did not present any other evidence in support of his particular severance motion. The judge took the appellant's and Aguirre's objections under advisement and declared that he would rule on the matter the next day. The following day, the court denied the motions for severance. In addition, the prosecutor declared the State would not use the tape, nor would it elicit any other evidence concerning the conversation in question between Celestine and the informant.

 In his sole point of error, the appellant asserts the trial court abused its discretion in denying his severance motion because the record revealed that he and Celestine possessed different degrees of culpability and because the mere existence of the taped conversation between Celestine and the informant somehow hampered the execution of his preferred defensive strategy. With respect to severance, the Code of Criminal Procedure provides the following:

Two or more defendants who are jointly or separately indicted or complained against for the same offense or any offense growing out of the same transaction may be, in the discretion of the court, tried jointly or separately as to one or more defendants; provided that . . . in cases in which, upon timely motion to sever, *and evidence introduced thereon*, it is made known to the court that there is a previous admissible conviction against one defendant or that a joint trial would be prejudicial to any defendant, the court shall order a severance as to the defendant whose joint trial would prejudice the other defendant or defendants.

TEX.CODE CRIM. P. ANN. art. 36.09 (Vernon 1981) (emphasis added). Severance pursuant to this section is not a matter of right but rests within the sound discretion of the trial court. *Garza v. State*, 622 S.W.2d 85, 91 (Tex.Crim.App.1980); *Foster v. State*, 652 S.W.2d 474, 477 (Tex.App.—Houston [1st Dist.] 1983, no pet.). To show an abuse of discretion, the proponent for severance bears a heavy burden and must show clear prejudice. *Haggerty v. State*, 825 S.W.2d 545, 548 (Tex.App.—Houston [1st Dist.] 1992, no pet.).

In addition, as indicated in the statute, the proponent must introduce evidence supporting the motion at the time the motion is presented, and error is waived in the absence of such evidence. *Snow v. State*, 721 S.W.2d 943, 945 (Tex.App.—Houston [1st Dist.] 1986, no pet.) ("When no evidence is offered in support of a motion to sever, no abuse of discretion is demonstrated."); *Williams v. State*, 630 S.W.2d 866, 867 (Tex.App.—Houston [1st Dist.] 1982, no pet.); *see also Ransonette v. State*, 550 S.W.2d 36, 41 (Tex.Crim. App.1976); *Bryant v. State*, 909 S.W.2d 579, 583 (Tex.App.—Tyler 1995, no pet.); *Paez v. State*, 693 S.W.2d 761, 767 (Tex.App.—Fort Worth 1985, no pet.); *Fisher v. State*, 681 S.W.2d 202, 206 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd). "Events at trial cannot become the basis for showing that the trial court abused its discretion before trial, unless the trial court was presented with evidence, before trial, indicating that the prejudicial events might occur." *Snow*, 721 S.W.2d at 945.

■ The appellant first asserts that his motion for severance should have been granted because he and Celestine possessed differing degrees of culpability. He points out that most of the evidence at trial inculpated Celestine and that much of that evidence probably would not have been admissible had the two been tried separately. The appellant did not present any of these contentions he now urges on appeal to support his assertion of prejudice at the time he presented his motion. Because the trial court did not have any evidence before it at the time it considered the appellant's severance motion, it did not abuse its discretion in denying the requested severance. Furthermore, because the appellant did not present any of the evidence urged on appeal at the hearing, he has waived error.

The appellant next asserts the taped conversation between Celestine and the informant prejudiced his ability to employ his "preferred defensive strategy." At the pretrial hearing on Aguirre's and the appellant's motions, the defense attorneys and the prosecutor informally discussed with the trial court the existence and the content of the tape. With few exceptions not relevant here,

unsworn statements by an attorney are not "evidence." *See, e.g., Lott v. Fort Worth*, 840 S.W.2d 146, 150 (Tex.App.—Fort Worth 1992, no writ) (holding that generally an unsworn statement by counsel is not evidence in the context of a *Batson* hearing). However, no party objected at any time during the hearing that the discussions were evidentially unsound. "[I]f 'non-evidence' is 'introduced' and considered by the court without objection, it then becomes 'evidence.'" *Id.*; *Jones v. State*, 795 S.W.2d 32, 34 (Tex.App.—Houston [1st Dist.] 1990, no pet.). Therefore, defendant did "present" evidence concerning the taped conversation.

■ We now consider the appellant's contention that the mere existence of the tape prejudiced his defense. This contention is dubious at best. In the pretrial hearing, the State plainly declared that it would not "introduce or elicit any information from any of its witnesses that it calls regarding the conversation between Derrick Celestine and the confidential informant either by way of just oral conversation or taped telephone conversation." Further, the State adhered to its promise and did not use this information. Also, the mere existence of evidence admissible against one codefendant but not against the other does not necessitate a severance if the jury is instructed to consider the evidence only with respect to the defendant for whom it is introduced. *Olivares v. State*, 785 S.W.2d 941, 944 (Tex.App.—El Paso 1990, no pet.). The appellant does not indicate how the fact this evidence might have caused him any harm. He does not demonstrate how it impacted upon his preferred defensive strategy. For that matter, the appellant does not indicate what this strategy was. If this Court must reconstruct what the appellant's defensive strategies consisted of by viewing the entire record on appeal, it is difficult to understand how the appellant expected the trial court to glean this information from the information before it at the time it denied the appellant's motion. We fail to find that the trial court abused its discretion in denying the appellant's motion for severance based on the existence of the taped conversation.

We, therefore, overrule the appellant's sole point of error and affirm the trial court's judgment.

O'CONNOR, J., moved for en banc review.

SCHNEIDER, C.J., and COHEN, MIRABAL, WILSON, HEDGES, ANDELL, TAFT and NUCHIA, JJ., voted to deny en banc review.

O'CONNOR, J., dissenting from the denial of en banc review.

O'CONNOR, Justice, dissenting on denial of en banc review.

I dissent from the denial of en banc review. I believe we should follow the holding of the San Antonio Court of Appeals in *Silva v. State*, 933 S.W.2d 715, 719 (Tex.App.—San Antonio 1996, no pet.). The only issue in this appeal is whether the trial court abused its discretion by denying appellant's motion for severance from his codefendant. The panel resolves the issue by finding waiver.

I acknowledge that the Code of Criminal Procedure art. 36.09 requires a defendant to support a motion to sever with evidence when it states "upon timely motion to sever, and *evidence introduced thereon.* ..." TEX.CODE CRIM. P. art. 36.09 (emphasis added). The panel finds waiver because no evidence was introduced at the hearing on the motion to sever.

The hearing on the motion to sever was transcribed and filed with the appeal; it is 36 pages long. At that hearing, the two lawyers who made motions for a severance, argued that a joint trial with the third defendant, Celestine, would prejudice their clients' trial. The prosecutor played an active role in the hearing, as did the judge, who questioned the lawyers about the claims of prejudice and the prosecutor on her plans for trial. At no time did the prosecutor object to the procedure. Although not actual evidence, I think those discussions amounted to the only "evidence" available in support of a motion to sever.

For practical reasons, evidence is seldom introduced to support a motion to sever because there is seldom any actual "evidence."[1] In most instances, as here, defense counsel simply argues to the court that the State *will probably* introduce certain testimony that will be prejudicial to the defendant. Seldom does a defense counsel have actual "evidence" of what the State will actually introduce at trial. Any statements about what will happen at trial is speculative because the trial has not yet occurred. Even if the defense counsel knew all the State's evidence and the State's trial strategy, a reason to sever based on that information would still be speculative and would not be actual "evidence."

Lawyers, as officers of the court, are often allowed to present information to the court without the formality of taking the oath. *See, e.g., Canada v. State*, 660 S.W.2d 528, 530 (Tex.Crim.App.1983) (prosecutor's unsworn statements included in statement of facts put matter before the court); *Mata v. State*, 632 S.W.2d 355, 359 (Tex.Crim.App. 1982) (defense counsel's unsworn statement about mental condition of defendant met the "evidence" requirements of TEX.CODE CRIM. P. art. 46.02, § 4(a)); *Hicks v. State*, 525 S.W.2d 177, 179 (Tex.Crim.App.1975) (defense counsel's unsworn statements included in statement of facts put matter before the court); *see also Rumsey v. State*, 675 S.W.2d 517, 522 (Tex.Crim.App.1984) (Teague, J., dissenting) ("I believe that an attorney's unsworn statements made in a court of law are synonymous with sworn statements...."). However, most courts that have faced the issue regarding "evidence" to support a motion to sever have held that unsworn statements by defense counsel are not evidence. *Loveless v. State*, 800 S.W.2d 940, 945–46 (Tex.App.—Texarkana 1990, pet.ref'd); *Paez v. State*, 693 S.W.2d 761, 767 (Tex.App.— Fort Worth 1985, no pet.).

I have found only one court that has held a lawyer's unsworn statements will support a motion to sever. *Silva*, 933 S.W.2d at 719. In *Silva*, two attorneys made motions to sever; one argued at the hearing and the other actually testified. The court of appeals

---

1. One example of when there is actual "evidence" to support a motion to sever is when the defendant moves for severance because the other defendant has a previous admissible conviction. TEX.CODE CRIM. P. art. 36.09. In such a case, the defendant making the motion can and *must* introduce evidence of the conviction at the hearing.

*Snow v. State*, 721 S.W.2d 943, 945 (Tex.App.— Houston [1st Dist.] 1986, no pet.) (because no evidence was presented at hearing, ground waived); *see also Sanne v. State*, 609 S.W.2d 762, 775 (Tex.Crim.App.1980) (State stipulated to convictions).

considered statements from "both attorneys" in support of the motions, even though only one testified. *Id.* The case was reversed because the trial court should have granted the motions to sever. The *Silva* court clearly considered the unsworn arguments of one of the attorneys as evidence to support one of the two defendants' motions. Thus, the opinion of the panel in this case is in conflict with the *Silva* opinion.

The Court of Criminal Appeals should grant petition for discretionary review to resolve this conflict between the San Antonio and the First Courts of Appeals. An attorney's statements in support of a motion to sever should be considered as the "evidence" required by article 36.09.

Until the issue is resolved by the Court of Criminal Appeals, defense counsel should attempt to create sworn testimony in support of a motion to sever. Defense counsel should insist that they be sworn before beginning to discuss the reasons for the motion to sever, and should probably call the prosecutor as a witness.