NO. 07-06-0216-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 7, 2006

_____

THE STATE OF TEXAS,

Appellant

v.

USTACIO CELAYA,

Appellee

_____

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-2005I-145; HON. ROLAND SAUL, PRESIDING

_____

*Opinion*

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

The State of Texas appeals from an order granting the motion of Ustacio Celaya to quash the indictment issued against him. Through the motion, Celaya asserted that the indictment was defective because one of the prior convictions used to enhance the underlying charge of driving while intoxicated to the level of a felony was too remote. The trial court agreed. The State now argues that the decision of the trial court was incorrect.

Neither conviction was too remote according to the provisions of § 49.09(e) of the Texas Penal Code, it posits.[1] We overrule the issue and affirm the trial court's order.

The State indicted Celaya for driving while intoxicated on or about July 30, 2005. Included in the indictment were two enhancement paragraphs. They were to be used to make the offense a felony. *See* TEX. PEN. CODE ANN. §49.09(b)(2) (Vernon Supp. 2006) (stating that an offense of driving while intoxicated is a felony of the third degree if it is shown that the person has previously been convicted two times of any other offense relating to the operation of a motor vehicle while intoxicated). The first paragraph averred that Celaya had been convicted of driving while intoxicated on April 20, 1989. The second mentioned a like conviction on April 29, 1982.

Per §49.09(e) of the Penal Code, a conviction may not be used for enhancement purposes if:

(1) the conviction was a final conviction . . .

(2) the offense for which the person is being tried was committed more than 10 years after the latest of:

> (A) the date on which the judgment was entered for the previous conviction;
>
> (B) the date on which the person was discharged from any period of community supervision on which the person was placed for the previous conviction;
>
> (C) the date on which the person successfully completed any period of parole on which the person was released after

---

[1] Section 49.09(e) of the Penal Code was repealed effective September 1, 2005. Act of May 25, 2005, 79th Leg. R.S., ch. 996, §3, 1993 TEX. GEN. LAWS 3364. However, it is applicable here given that the offense for which Celaya is being prosecuted purportedly occurred before September 1, 2005. *See id.* §4 (providing that the change does not apply to offenses occurring before the effective date of the act).

> serving a portion of the term to which the person was sentenced for the previous conviction; or
>
> (D) the date on which the person completed serving any sentence for which the person was confined or imprisoned for the previous conviction; and
>
> (3) the person has not been convicted of an offense. . . related to operating a motor vehicle while intoxicated within 10 years of the latest date under Subdivision (2).

TEX. PEN. CODE ANN. §49.09(e) (Vernon 2003). All three conditions must be met for the conviction to be available for enhancement, according to the Court of Criminal Appeals. *Getts v. State,* 155 S.W.3d 153, 156 (Tex. Crim. App. 2005). That same court also took care to note that the phrase "*a conviction* may not be used for purposes of enhancement under this section . . ." refers "to one conviction, not two." *Id.* at 155-56 (emphasis added). Thus, the statue "applies to prior convictions individually, not collectively." *Id.* In other words, each conviction to be used for purposes of enhancement must be tested against the three conditions.

Counsel for Celaya represented to the trial court that the 1989 conviction resulted in a probated sentence. Furthermore, Celaya was discharged from probation on July 10, 1992, according to counsel. The prosecutor did not dispute or object to these representations. *See Peterson v. State,* 961 S.W.2d 308, 311 (Tex. App.–Houston [1st Dist.] 1997, pet. ref'd) (stating that non-evidence introduced and considered by a court without objection is considered evidence); *Jones v. State,* 795 S.W.2d 32, 34 (Tex. App.–Houston [1st Dist.] 1990, no pet.) (stating the same). Given this information, we conclude that the 1989 conviction falls within the scope of §49.09(e) and cannot be used

for the enhancements purposes involved at bar. This is so because it 1) was final, 2) the current offense for which Celaya is being prosecuted purportedly occurred more than ten years after his discharge from probation for the 1989 conviction,[2] and 3) Celaya had not been convicted for driving while intoxicated within ten years of July 20, 1992 (*i.e.* his 1982 conviction for same having occurred several months outside the ten-year window).

In holding as we do, we reject the State's contention that to the extent the 1982 conviction may be available for enhancement purposes, then the 1989 conviction automatically becomes available since it arose within ten years of 1982. As stated in *Getts*, each conviction the State intends to use must be separately tested against the conditions of §49.09(e). *Getts v. State*, 155 S.W.3d at 155-56. So, both the 1982 and 1989 convictions at bar must undergo separate testing against the conditions of §49.09(e). And, that the unpublished decision in *State v. Henderson*, No. 05-03-01832-CR, 2005 Tex. App. LEXIS 1467 (Tex. App.–Dallas, February 24, 2005, pet. denied) may suggest otherwise is of no moment. There, the court suggested that the two prior convictions could be used simply if the dates of conviction were within ten years of each other. Yet, that holding ran afoul of §49.09(e)(3).

Section 49.09(e)(3) provided for the comparison of two matters. One was the conviction sought to be used for enhancement purposes. The other was any other conviction of appellant for driving while intoxicated. And, while the applicable date (*i.e.* the

---

[2]Section 49.09(e)(2) requires that the "latest" of the dates contemplated by subsections (A), (B), (C), and (D) be used to assess whether the conviction is too remote. TEX. PEN. CODE ANN. §49.09(e)(2) (Vernon 2003). Since appellant received probation or community supervision, served no parole, and served no sentence in prison, subsections (C) and (D) do not apply. Nor does the date described in subsection (A) apply since Celaya's date of discharge from probation (*i.e.* July 1992) is later than his date of conviction (April 1989).

4

date to be utilized in the comparison) for the latter was the date of conviction, such is not true for the former. Rather, the statute specified that date to be the "latest date under Subdivision (2)." TEX. PEN. CODE ANN. §49.09(e)(3) (Vernon 2003). And, we are bound by this quoted passage from the statute. Morever, this particular passage was not taken into account by the *Henderson* court in arriving at its decision.[3] Consequently, we do not find the opinion controlling.

So too do we reject the State's alternative argument that if a conviction precedes that which the State purports to use, then what date is the "latest" (for purposes of §49.09(e)(3)) is determined by calculating in the inverse. We are obligated to afford words appearing in a statute their plain meaning. *Getts v. State*, 155 S.W.3d at 155. Furthermore, the plain meaning of the word "latest" connotes something "happening just previous to the present time [especially] as the most recent of a succession." MERRIAM-WEBSTER COLLEGIATE DICTIONARY 702 (11th ed. 2003). In other words, "latest" means the most recent or near to the present time. So, by using that particular word in §49.09(e)(3), the legislature required us to calculate not retroactively but prospectively so as to determine the date most near the present.

In sum, because the date (July 20, 1992) on which Celaya was discharged from probation as a result of his 1989 conviction was not within ten years of his April 29, 1982 conviction, the 1989 conviction could not be used for enhancement purposes. Thus, the

---

[3]The chart appearing in the appendix of *Getts* may also be read as incorporating this omission. For instance, it alludes to the "prior convictions [being] within 10 years of one another." *Getts v. State*, 155 S.W.3d 153, 167 (Tex. Crim. App. 2005). Some may read that passage as saying the pertinent dates to compare are the dates of conviction as opposed to the date of conviction and the discharge date. Such a reading, however, would ignore the express language of §49.09(e)(3).

trial court did not err in granting his motion to quash the indictment, and we affirm that order.

Brian Quinn
Chief Justice

Publish.