NUMBER 13-06-355-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


SERVANDO HERNANDEZ, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 24th District Court 

of Victoria County, Texas

 


MEMORANDUM OPINION


Before Justices Yañez, Benavides and Vela


Memorandum Opinion by Justice Vela
 


 A jury found appellant, Servando Hernandez, guilty of murder and assessed
punishment at fifty-five years in prison. By two issues, appellant complains the trial
court abused its discretion by denying his motion for severance and denying him the
right to confront his accuser. (1) We affirm.

SEVERANCE


 By issue one, appellant asserts the trial court abused its discretion in denying
his motion to sever. Appellant and his brother, Rocky Hernandez, were indicted for
the murder of Martin Martinez. Appellant filed a pre-trial motion to sever his trial from
his brother's. The trial court held a hearing on the motion, at which time appellant's
counsel made the following argument:

 I believe that the positions of the two defendants [appellant and
co-defendant] are antagonistic. In particular, I would call attention to the
previous certification hearing, in which there was testimony that there
was an utterance made by one defendant and that that defendant was
observed in possession of a gun, while the other defendant was not
present and made no such statements or utterances and no weapon was
seen. Those kinds of conflicts that exist in this matter, who was where
and when, make the defense of these two individuals antagonistic. They
would, obviously, maintain they were at separate places and not
together. That being so, the facts of the case change substantially and
the evidence required in both matters would change substantially. I don't
see how the Court could suppress the statements made or, allegedly
made, by one defendant. I don't believe they would be admissible
necessarily against the--during the trial of the other defendant. I don't
see the logistics of how that could be accomplished without reversible
error.


 And, in the interest of justice, I believe that a severance should be
granted.


 Appellant's counsel did not offer any evidence to support this argument. After
taking the matter under advisement, the trial court overruled the motion to sever. 

Applicable Law and Analysis



 Article 36.09 of the Texas Code of Criminal Procedure governs motions to sever
trials of co-defendants. This statute provides:

 Two or more defendants who are jointly or separately indicted or
complained against for the same offense or any offense growing out of
the same transaction may be, in the discretion of the court, tried jointly
or separately as to one or more defendants; provided that in any event
either defendant may testify for the other or on behalf of the state; and
provided further, that in cases in which, upon timely motion to sever, and
evidence introduced thereon, it is made known to the court that there is
a previous admissible conviction against one defendant or that a joint trial
would be prejudicial to any defendant, the court shall order a severance
as to the defendant whose joint trial would prejudice the other defendant
or defendants.


Tex. Code Crim. Proc. Ann. art. 36.09 (Vernon 2007).

 In Qualley v. State, 206 S.W.3d 624 (Tex. Crim. App. 2006) (per curiam), the
court stated that the language of article 36.09 "imposes two basic requirements for
showing entitlement to a severance: (1) that the motion for severance be timely, and
(2) that at least one of two possible grounds for severance be alleged, with supporting
evidence." Id. at 631 (emphasis added) (citing Mulder v. State, 707 S.W.2d 908, 915
(Tex. Crim. App. 1986) ("The mere allegation that prejudice will result is not evidence
of or sufficient showing of prejudice under Art. 36.09, particularly when the severance
is discretionary with the trial judge")). The two grounds for severance are: (1) the co-defendant has a previous admissible conviction; and (2) a joint trial would prejudice the
(moving) defendant. Qualley, 206 S.W.3d at 631. 

 Absent evidence supporting a ground for severance, severance is not a matter
of right but rests within the trial court's sound discretion. See Peterson v. State, 961
S.W.2d 308, 310 (Tex. App.Houston [1st Dist.] 1997, pet. ref'd). To show an abuse
of discretion, an appellant bears the "heavy burden" of showing clear prejudice. Id.

 At the severance hearing, appellant's counsel argued that the positions of
appellant and his co-defendant "are antagonistic." In Qualley, the court of criminal
appeals held "that antagonistic defenses are not prejudicial per se," and the court
"reject[ed] the conclusion that any such antagonism of defenses required a severance." 
Id. at 637. The Qualley court stated that

 To establish prejudice, the defendant must show a serious risk that a
specific trial right would be compromised by a joint trial, or that a joint
trial would prevent the jury from making a reliable judgment about guilt
or innocence, and that the problem could not be adequately addressed by
lesser curative measures, such as a limiting instruction.


Id. at 636.

 Here, appellant failed to make such a showing of prejudice. He did not present
any evidence to show there was a serious risk that a specific trial right would be
compromised by a joint trial, or that a joint trial would prevent the jury from making
a reliable judgment about guilt or innocence and that the problem could not be
adequately addressed by lesser curative measures, such as a limiting instruction. See
id. In the context of a severance motion, the events at trial cannot become the basis
for showing that the trial court abused its discretion before trial, unless the trial court
was presented with evidence, before trial, indicating that the prejudicial events might
occur. Peterson, 961 S.W.2d at 311.

 Because appellant failed to establish that a joint trial would be prejudicial to him,
the trial court did not abuse its discretion in overruling his requested severance. See
Tex. Code Crim. Proc. Ann. art. 36.09 (Vernon 2007); Peterson, 961 S.W.2d at 310. 
Issue one is overruled.

RIGHT TO CONFRONT ACCUSER


 By issue two, appellant complains the trial court denied his constitutional right
to confront his accuser when it admitted statements of his co-defendant following its
denial of appellant's severance motion. The Confrontation Clause of the Sixth
Amendment to the United States Constitution states, "In all criminal prosecutions, the
accused shall enjoy the right . . . to be confronted with the witnesses against him." 
U.S. Const. Amend. VI.

 Appellant contends that because his co-defendant's out-of-court statements
were used against him, he was unable to confront his accusers. Although appellant
did not provide record references showing where this alleged error occurred, the
evidence pertinent to the Confrontation Clause issue is as follows: On October 13,
2002, at 2:11 a.m., Officer Osborn responded to a call reporting shots fired at the
1100 block of South Cameron Street in Victoria. There, he found the victim, Martin
Martinez, lying on the ground with a couple of bullet holes in the back of his head.

 The testimony of Ophelia Salazar showed that on the date of the murder, she
heard gunshots between 2:00 a.m. and 3:00 a.m. Shortly after she heard the
gunshots, appellant and his co-defendant, Rocky Hernandez, came to her house. 
Rocky had a handgun with him. The State's attorney questioned (2) Salazar as follows:

 Q. Do you remember when you were asked, "Did Rocky say anything to
you about what had happened earlier that night?" And do you remember
responding that Rocky told you, "That they had just finished killing
Martin"? Do you remember telling the prosecutor that?


 A. Yes, sir.


 Q. Do you remember being asked by the prosecutor whether, later, he,
meaning Rocky, told you who the other person was that had killed
Martin?


 A. Yes, sir.


 Q. And do you remember responding to that question by the prosecutor
by saying, "Velo"? Do you remember saying that?


 A. Yes, sir.


 Q. Do you remember being asked who "Velo" was and telling the
prosecutor that that was Servando, Rocky's brother?


 A. Yes, sir.


 Q. Do you remember being asked by the prosecutor how long Rocky and
Servando Hernandez [appellant] stayed at your house after they arrived,
and you responded five minutes-three to five minutes? Do you
remember that?


 A. Yes, sir.


* * * * *


 Q. Do you remember telling the prosecutor that after he [Rocky
Hernandez] sat on the couch he came into the kitchen and told you that,
"We just killed Martin"? Do you remember testifying to that?


 A. Yes, sir.


 Q. And, again, on this occasion you testified-


 A. What?


 Q. And, again, on this occasion, you testified, also, that he explained
that the "they" was him and his brother, Servando. Do you remember
testifying to that?


 A. What was that?


 Q. Do you remember testifying that Rocky Hernandez explained to you
that the "they" that killed Martin was him and his brother, Servando
Hernandez? Do you remember testifying to that?


 A. Yes, sir.


 Counsel made no objection or argument to the trial court that this testimony
violated appellant's confrontation rights. Rule 33.1 of the Texas Rules of Appellate
Procedure provides that as a prerequisite to presenting a complaint for appellate
review, the record must show that the party "stated the grounds for the ruling that
[he] sought from the trial court with sufficient specificity to make the trial court aware
of the complaint." Tex. R. App. P. 33.1(a)(1). Because appellant neither argued nor
objected that admission of Salazar's testimony violated appellant's right to confront
his accusers, the trial court never had the opportunity to rule based upon this rationale. 
Therefore, appellant has not preserved this complaint for appellate review. See id.;
Reyna v. State, 168 S.W.3d 173, 179-80 (Tex. Crim. App. 2005) (unless defendant
makes specific objection to Confrontation Clause violation, error is not preserved for
appellate review); Dixon v. State, 2 S.W.3d 263, 265 (Tex. Crim. App. 1998) (to
preserve error for appellate review, complaining party must make timely, specific
objection). Issue two is overruled.






 The trial court's judgment is affirmed. 

 

 

 ROSE VELA

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 24th day of May, 2007.
1. Because this is a memorandum opinion, and the parties are familiar with the facts, we will not
recite them except as necessary to explain this Court's decision and the basic reasons for it. See Tex.
R. App. P. 47.4.
2. At this point in Salazar's testimony, the trial court gave the State's attorney permission to treat
her as a hostile witness. The State's attorney used her testimony, which she previously gave at
appellant's juvenile certification hearing, to elicit this testimony.