

NUMBER 13-13-00058-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

EDUARDO TORRES,                                    Appellant,

v.

THE STATE OF TEXAS,                               Appellee.

**On appeal from the County Court at Law No. 2
of Cameron County, Texas.**

# MEMORANDUM OPINION

**Before Justices Benavides, Perkes, and Longoria
Memorandum Opinion by Justice Longoria**

Appellant Eduardo Torres was convicted by a jury of driving while intoxicated and

sentenced to one hundred days in county jail. *See* TEX. PENAL CODE ANN. §§ 49.04,

49.09(a) (West, Westlaw through 2013 3d C.S. 2011). By one issue, appellant challenges

the trial court's order denying his motion for a free appellate record. We reverse and remand.

## I. BACKGROUND

After appellant was convicted and sentenced, his trial counsel moved to withdraw. The trial court granted counsel's motion and appointed another lawyer to handle appellant's appeal. Appellant's new counsel filed a motion asking the trial court to find appellant indigent for the purposes of receiving a free record, and the State objected.

The trial court held an indigence hearing at which appellant was the only witness. Appellant testified that he works as a "bilingual aid" at a public elementary school and that his net monthly income is approximately $1,310 to $1,318. Appellant testified that he has approximately $60 left from his salary each month after subtracting expenses such as rent, child care (appellant is the single parent of an infant), gas, other expenses for taking care of the child, phone services, and food. Appellant also testified that he owns a car that he could potentially sell for approximately $2,000. The State did not introduce any evidence of its own, but it argued generally that appellant is not indigent because he has a full-time job and "he has expenses like everybody else does." The trial court refused to find that appellant was indigent for the purpose of a free record, and this appeal followed.[1]

## II. DISCUSSION

By one issue, appellant argues that the trial court abused its discretion by denying him a free appellate record even though he made a prima facie showing of indigence and

---

[1] Appellant filed two notices of appeal: one appealing his conviction and one challenging the trial court's refusal to find him indigent. This Court held in the past that "[a] separate notice of appeal is required to appeal the denial of indigency" in the criminal context. *Gonzales v. State*, No. 13-05-00690-CR, 2008 WL 4152002, at *1 (Tex. App.—Corpus Christi May 29, 2008, no pet.) (mem. op., not designated for publication) (per curiam) (citing *Duncan v. State*, 158 S.W.3d 606, 607 (Tex. App.—Waco 2005, no pet.)).

the State did not contest any of his testimony or evidence.[2]

## A. Standard of Review and Applicable Law

"Indigency determinations are made at the time the issue is raised and are decided on a case-by-case basis." *McFatridge v. State*, 309 S.W.3d 1, 5 (Tex. Crim. App. 2010). "There are no rigid standards to guide the trial court in its determination of indigency; each case must be decided upon its own merits." *Snoke v. State*, 780 S.W.2d 210, 212 (Tex. Crim. App. 1989) (en banc). Whether a defendant is indigent for the purposes of eligibility for appointment of counsel or to receive a free record of the trial are two separate inquires, and "[a] defendant can be found indigent for one purpose without being found indigent for another." *McFatridge*, 309 S.W.3d at 5–6; *see Castillo v. State*, 595 S.W.2d 552, 554 (Tex. Crim. App. 1980) (appellant managed to retain appellate counsel, but the Texas Court of Criminal Appeals determined that he could not pay for the record).

A defendant qualifies as indigent to receive a free copy of the record if the defendant "cannot pay or give security for the appellate record." TEX. R. APP. P. 20.2. We consider the following factors: "the defendant's income, source of income, assets, property owned, outstanding obligations, necessary expenses, the number and ages of dependents, and spousal income that is available to the defendant." *McFatridge*, 309 S.W.3d at 6 (citing TEX. CODE CRIM. PROC. ANN. art. 26.04(m) (West, Westlaw through 2013 3d C.S. 2011)). Additionally, "the expense involved in hiring counsel or paying for the appellate record is also a valid consideration." *Whitehead v. State*, 130 S.W.3d 866,

---

[2] Appellant moved for both a free reporter's record and a free clerk's record. A clerk's record for appellant's case was filed with this Court because the clerk of the county court apparently prepared one before the trial court denied appellant's motion. We will address appellant's argument as to both the clerk's record and the reporter's record because, even though the clerk's record has already been filed, appellant might still be billed for it once the court clerk issues the bill of costs. *See* TEX. CODE CRIM. PROC. ANN. art. 103.001 (West, Westlaw through 2013 3d C.S. 2011).

3

878 (Tex. Crim. App. 2004).

The Texas Court of Criminal Appeals has adopted a two-step process as a guide for determining whether a defendant is indigent: "[f]irst, the defendant must make a prima facie showing of indigency." *McFatridge*, 309 S.W.3d at 6 (citing *Whitehead*, 130 S.W.3d at 878). Only sworn evidence can be considered in determining whether the defendant made a prima facie showing, but evidence can be presented via an affidavit or the defendant's own sworn testimony. *Whitehead*, 130 S.W.3d at 875 (citing *Snoke*, 780 S.W.2d at 213–14 (overturning the trial court's determination that the defendant was not indigent solely on the basis of the defendant's sworn testimony)). The Texas Court of Criminal Appeals has explained the second step as follows:

> Once the defendant satisfies this initial burden of production, the burden then shifts to the State to show that the defendant is not, in fact, indigent. This means, essentially, that unless there is some basis in the record to find the defendant's prima facie showing to be inaccurate or untrue, the trial court should accept it as sufficient to find him indigent. After a defendant establishes a prima facie showing of indigency, an appellate court can uphold a trial court's determination of non-indigence only if the record contains evidence supporting such a determination. A reviewing court should uphold a trial court's ruling denying indigent status only if it finds that the trial court, having utilized this two-step process, "reasonably" believed the defendant was not indigent.

*McFatridge*, 309 S.W.3d at 6 (footnotes omitted).

### B. Analysis

Appellant argues that although his motion for a free record was unsworn, he clearly made a prima facie showing of indigence through his testimony regarding his income, which was confirmed by his employer's records, and testimony about his expenses. The State responds that appellant did not make a prima facie showing of indigence because he did not produce any competent evidence of the cost of preparing the appellate record.

4

At the indigence hearing, appellant's counsel argued to the court that the cost of the record would probably be $6,000, although he stated: "I don't know if the court reporter could state that better." The State argues in the alternative that appellant is nevertheless not indigent because he has approximately $60 left each month after bills, and a car that he testified that he could sell for approximately $2,000.[3]

Regarding the State's contention that appellant cannot make a prima facie showing of indigence without evidence of the cost of the record, we do not read *Whitehead* as announcing such a rule. Rather, the court's holding that the trial court did not abuse its discretion in refusing to find the appellant indigent without "at least a ballpark figure for the cost of the record," *Whitehead*, 130 S.W.3d at 879, was dictated by the specific facts of the case. The defendant in *Whitehead* possessed "over $5,000 cash in bank accounts, over $1,600 in investments, two cars totaling $6,800, and $10,000 worth of equity in her home." *Id.* at 878. The defendant "had, by her own admission, a net household income, after all expenses were paid, of $610.38 a month." *Id.* As the Court observed, "[t]hese are substantial amounts of money" that could be put towards the costs of the record. *Id.* However, the Court also observed that if preparing the record would actually cost $65,000 or more, as the defendant alleged in an unsworn motion and several affidavits, "there could be a serious question about whether appellant had the funds to pay for it, especially if advance payment were required." *Id.* at 879. In other words, evidence of the cost of the record could have tipped the balance in the defendant's favor given the circumstances of that case, but the court did not hold that evidence of the cost of the record was

---

[3] The State also points out that starting approximately one year before the trial, appellant had contributed $100 a month into an elective deferred section 403(b) savings plan offered by his employer, but it is unclear from the record whether any of that money is available to appellant.

dispositive or absolutely required for a defendant to show indigence.[4]  *See id.* at 878–79;

*see also Snoke*, 780 S.W.3d at 212 (observing that there are no "rigid standards" for

determining whether a defendant is indigent).

We interpret the State as arguing that even if counsel's statement is evidence of

the cost of the record, appellant is not indigent because he has at least $60 left after bills,

and appellant testified that he could potentially sell his car for an additional $2,000.

Counsel's statement, which could be considered because it was not objected to by the

State[5], gave the trial court a "ballpark figure" about the cost of the record against which it

could measure appellant's indigence.  *See Whitehead*, 130 S.W.3d at 879.  Based on the

specific facts of this case, we conclude that even though appellant does have access to

the paltry sum of a maximum of $60 per month, he is unable to pay for the cost of the

record and has successfully made a prima facie showing of indigence.  *See id.* (citing

*Snoke*, 780 S.W.3d at 213–14 (overturning failure to find indigence on nothing but the

defendant's own testimony)); *see also Ramirez v. State*, No. 08-12-00010-CR, 2013 WL

2395274, at *5 (Tex. App.—El Paso May 31, 2013, no pet.) (mem. op., not designated for

publication) (overturning the trial court's refusal to find appellant indigent for purposes of

obtaining a free appellate record where "the record is silent as to the potential cost of the

trial record," even though the appellant owned a car worth $6,000).

Once appellant made his prima facie showing, we can "uphold a trial court's

---

[4] Introducing sworn evidence of the cost of preparing the record seems to be common practice, but we have found only one case where an appellate court affirmed the trial court's refusal to find indigence solely because the defendant did not introduce evidence of the cost of the record.   *See Duncan v. State*, No. 10-04-00270-CR, 2006 WL 1420348, at *2 (Tex. App.—Waco May 24, 2006, no pet.) (mem. op., not designated for publication).

[5] *See Peterson v. State*, 961 S.W.2d 308, 311 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) (en banc) (observing, in a different context, that even though an attorney's unsworn statement is usually not evidence, it "becomes evidence" when it is considered by the trial court without objection).

determination of non-indigence only if the record contains evidence supporting such a determination." *Whitehead*, 130 S.W.3d at 874; *see McFatridge*, 309 S.W.3d at 6 (observing that "unless there is some basis in the record to find the defendant's *prima facie* showing to be inaccurate or untrue, the trial court should accept it as sufficient to find him indigent"). The State did not present any evidence that contradicted appellant's showing and does not argue that it did so. Accordingly, we hold that the trial court abused its discretion by refusing to find appellant indigent for the purposes of receiving a free appellate record. *See Whitehead*, 130 S.W.3d at 875; *McFatridge*, 309 S.W.3d at 6; *see also Ramirez*, 2013 WL 2395274, at *5.

### III. CONCLUSION

We reverse the trial court's order and remand for further proceedings consistent with this opinion.[6]

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
20th day of March, 2014.

---

[6] We note that our opinion is based on appellant's financial status at the time of the indigence hearing, and that "[t]he trial court is free to reconsider appellant's indigence under . . . Rule 20.2 if it finds a material change in circumstances has occurred since it last considered the issue." *See Whitehead v. State*, 130 S.W.3d 866, 880 (Tex. Crim. App. 2004); *see also* TEX. R. APP. P. 20.2.